IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| MARIBEL BAEZ; FELIPA CRUZ;<br>R.D., ON BEHALF OF HER MINOR CHILD, A.S.;<br>on their own behalf and on behalf of all others<br>similarly situated; UPPER MANHATTAN<br>TOGETHER, INC.; and SOUTH BRONX<br>CHURCHES SPONSORING COMMITTEE, INC., | : | No. 13 Civ. 8916 (WHP) |
|  | : | ECF Case |
| *Plaintiffs*, | : |  |
| v. | : |  |
| NEW YORK CITY HOUSING AUTHORITY, | : |  |
| *Defendant*. | : |  |

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Henry A. Freedman
National Center for Law
and Economic Justice
Marc Cohan, of Counsel (MC 2612)
Petra T. Tasheff, of Counsel (PT 8762)
Jenny Pelaez, of Counsel (JP 1364)
275 Seventh Avenue, Suite 1506
New York, New York 10001-6708
Phone: (212) 633-6967
Fax: (212) 633-6371
cohan@nclej.org
tasheff@nclej.org

Nancy S. Marks (NM 3348)
Albert Y. Huang
Mitchell S. Bernard (MB 5823)
Natural Resources Defense Council
40 West 20th Street
New York, New York 10011
Phone: (212) 727-2700
Fax: (212) 727-1773
nmarks@nrdc.org
ahuang@nrdc.org
mbernard@nrdc.org

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ............................................................................................................................2

      A.    Cases Involving Disability and Housing Claims Are
          Routinely Certified For Class Treatment ................................................................2

      B.    This Case Satisfies Rule 23(a) .............................................................................5

             1.    The Class is So Numerous That Joinder
                  Is Impracticable ......................................................................................5

             2.    There Are Questions of Law and Fact Common
                  to the Class ..............................................................................................7

             3.    The Claims of the Named Plaintiffs Are Typical
                  of the Class ............................................................................................11

             4.    The Named Plaintiffs Will Fairly and Adequately
                  Protect the Class ....................................................................................13

      C.    This Case Involving Disability and Housing Claims
           Satisfies Rule 23(b) ............................................................................................14

CONCLUSION ........................................................................................................................17

i

# TABLE OF AUTHORITIES

## CASES

*Brooklyn Ctr. for Independence of the Disabled v. Bloomberg,* ................................. 3, 7, 8, 10, 13
    290 F.R.D. 409 (S.D.N.Y. 2012)

*Brown v. Giuliani,* ....................................................................................................... 15
    158 F.R.D. 251 (E.D.N.Y. 1994)

*Cason v. Rochester Hous. Auth.,* ....................................................................... 2, 3, 15, 16
    Civ. No. 90-250L,  1990 U.S. Dist. LEXIS 14229 (W.D.N.Y. Aug. 6, 1990)

*Civic Ass'n of the Deaf of N.Y.C., Inc. v. Giuliani,* ........................................................ 4
    915 F. Supp. 622 (S.D.N.Y. 1996)

*Consol. Rail Corp. v. Town of Hyde Park,* ................................................................... 5
    47 F.3d 473 (2d Cir. 1995)

*Cortigiano v. Oceanview Manor Home for Adults,* ........................................... 2, 5, 8, 12, 13, 14
    227 F.R.D. 194 (E.D.N.Y. 2005)

*Dura-Bilt Corp., v. Chase Manhattan Corp.,* ................................................................. 8
    89 F.R.D. 87, 93 (S.D.N.Y. 1981)

*Escalera v. N.Y.C. Hous. Auth.,* ................................................................................... 8
    425 F.2d 853 (2d Cir. 1970)

*Fair Hous. of the Dakotas, Inc. v. Goldmark Prop. Mgmt.,* .......................................... 9
    No. 3:09-cv-58, 2011 U.S. Dist. LEXIS 106934 (D.N.D. Sept. 20, 2011)

*German v. Fed. Home Loan Mortg. Corp.,* .................................................................... 6
    885 F. Supp. 537 (S.D.N.Y. 1995)

*Henrietta D. v. Giuliani,* ....................................................................................... 4, 7, 13
    No. 95 CV0641 (SJ), 1996 U.S. Dist. LEXIS 22373 (E.D.N.Y. Oct. 25, 1996)

*Heyer v. New York City Hous. Auth.,* ........................................................................ 2, 3
    No. 80 Civ. 1196 (RWS), 1981 U.S. Dist. LEXIS 12292
    (S.D.N.Y. Mar. 26, 1981)

*Lane v. Kitzhaber,* .................................................................................................. 4, 8
    283 F.R.D. 587 (D. Or. 2012)

*Lovely H. v. Eggleston,* ...................................................................... 4, 5, 7, 8, 10, 13
    235 F.R.D. 248 (S.D.N.Y. 2006)

*Marisol A. v. Giuliani*, ........................................................................................ 4, 10, 11, 14
    No. 95 Civ. 10533 (RJW), 998 U.S. Dist. LEXIS 5760
    (S.D.N.Y. Apr. 23, 1998)

*Maziarz v. Hous. Auth.*, .......................................................................................... 2, 9, 11
    281 F.R.D. 71 (D. Conn. 2012)

*McNeill v. New York City Hous. Auth.*, .......................................................................... 5
    719 F. Supp. 233 (S.D.N.Y. 1989)

*Menking v. Daines*, ...................................................................................................... 10
    No. 09 Civ. 4103 (RJH) (RLE); 2011 U.S. Dist. LEXIS 156243
    (S.D.N.Y. Dec. 9, 2011)

*Morel v. Giuliani*, ........................................................................................................ 13
    927 F. Supp. 622 (S.D.N.Y. 1995)

*Oscar v. BMW of N. Am.*, ............................................................................................ 5
    274 F.R.D. 498 (S.D.N.Y. 2011)

*Pelman v. McDonald's Corp.*, ...................................................................................... 6
    272 F.R.D. 82 (S.D.N.Y. 2010)

*Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of N.Y. and N.J.*, ...................... 8
    698 F.2d 150 (2d Cir. 1983)

*Ray M. by Juana D. v. Bd. of Educ.*, ............................................................................ 15
    884 F. Supp. 696 (E.D.N.Y. 1995)

*Raymond v. Rowland*, ................................................................................................ 4, 7
    220 F.R.D. 173 (D. Conn. 2004)

*Reynolds v. Giuliani*, .......................................................................................... 5, 8, 10, 14
    118 F. Supp. 2d 352 (S.D.N.Y. 2000)

*Robidoux v. Celani*, .......................................................................................... 5, 6, 7, 12
    987 F.2d 931 (2d Cir. 1993)

*Rocky Ford Hous. Auth. v. U.S. Dep't of Agric.*, ......................................................... 15
    427 F. Supp. 118 (D.D.C. 1977)

*Shakhnes v. Eggleston*, ............................................................................................... 11
    740 F. Supp. 2d 602 (S.D.N.Y. 2010)

*Stinson v. City of N.Y.*, ................................................................................................ 8
    282 F.R.D. 360 (S.D.N.Y. 2012)

*Wal-Mart Stores, Inc. v. Dukes*,.............................................................................................. 4, 15
    131 S. Ct. 2541 (2011)

**FEDERAL STATUTES**

29 U.S.C. § 701.................................................................................................................... 2

42 U.S.C. § 3604.................................................................................................................. 2

## I.   <u>PRELIMINARY STATEMENT</u>

Plaintiffs Maribel Baez; Felipa Cruz; and R.D., on behalf of her minor child A.S.; bring this action on behalf of themselves and others similarly situated (collectively, "plaintiffs") against the New York City Housing Authority ("NYCHA" or "defendant") in response to its continued failure to make reasonable accommodations and modifications to policies, practices, and procedures in order to effectively abate mold and excessive moisture in their housing units. Defendant's inadequate response exacerbates plaintiffs' asthma symptoms, thereby denying them an equal and meaningful opportunity to use, benefit from, and enjoy public housing.

Plaintiffs' apartments contain uncontrolled mold and excessive moisture, which intensify asthma symptoms, causing difficulty breathing, coughing, wheezing, and in some cases, hospitalization.   The mold and moisture in their apartments have forced plaintiffs to miss work and school, necessitated additional doctor and hospital visits, and have generally impaired plaintiffs' quality of life.   Despite NYCHA having notice of these issues through numerous complaints, NYCHA's policies, practices, and procedures for abating mold and excessive moisture remain inadequate to meet plaintiffs' need for a mold-free living space.   Specifically, NYCHA's policies fail to: 1) respond to complaints of mold and excessive moisture timely, often taking months or longer; 2) utilize the expertise of licensed plumbers to diagnose and cure the underlying plumbing problems; 3) include a mold remediation policy that requires the removal of infected walls, ceilings, and flooring to treat the underlying cause of mold; 4) use low-toxicity chemicals to properly clean and treat infected surface areas; 5) fully isolate work areas from the rest of plaintiffs' apartments to reduce plaintiffs' exposure to contaminated surfaces, or when necessary, move plaintiffs to another apartment while work is being performed; and 6) conduct air quality testing and regular inspections to ensure that remediation work was effective.

Plaintiffs need a mold-free living space to maintain their health and until defendant adjusts its policies and procedures, plaintiffs are denied equal enjoyment and use of their residence.

Defendant's conduct is inconsistent with its obligation to the class pursuant to the Americans with Disabilities Act of 1990 ("ADA") (codified as amended in various sections of 42 U.S.C. and 47 U.S.C.), Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 701 *et seq.*, and the Fair Housing Amendments Act of 1988 ("FHAA"), 42 U.S.C. § 3604.

The named plaintiffs and those they seek to represent submit this memorandum in support of their motion to certify the following class pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure:

> Current and future residents of NYCHA who have asthma that substantially limits a major life activity and who have mold and/or excessive moisture in their NYCHA housing.

## II.   ARGUMENT

### A.   Cases Involving Disability and Housing Claims Are Routinely Certified For Class Treatment

Class certification is essential to the fair and efficient adjudication of this case. Courts in this Circuit routinely certify classes in actions challenging the administration of housing policies under disability rights and fair housing standards. *See Heyer v. New York City Hous. Auth.*, No. 80 Civ. 1196 (RWS), 1981 U.S. Dist. LEXIS 12292, at *1 (S.D.N.Y. Mar. 26, 1981); *Cason v. Rochester Hous. Auth.*, Civ. No. 90-250L, 1990 U.S. Dist. LEXIS 14229, at *1003 (W.D.N.Y. Aug. 6, 1990); *see also Maziarz v. Hous. Auth.*, 281 F.R.D. 71, 80 (D. Conn. 2012) (certifying a class of elderly plaintiffs with disabilities in an action alleging that town housing authority's requirement of a Personal Care Sponsor Agreement and Statement as a condition of tenancy violated the Fair Housing Act and the ADA); *Cortigiano v. Oceanview Manor Home for Adults*, 227 F.R.D. 194, 199 (E.D.N.Y. 2005) (certifying class of mentally disabled residents in an adult

care facility who receive Supplemental Security Income, and brought an action alleging overly restrictive administration of the plaintiffs' Personal Needs Allowance violated, *inter alia*, the ADA and Section 504).

In *Heyer v. New York City Housing Authority*, a suit brought against NYCHA under disability and housing rights laws, the court certified a class of New Yorkers with disabilities eligible for Section 8 housing.  1981 U.S. Dist. LEXIS 12292, at *1.  Class members in *Heyer* alleged that NYCHA unlawfully denied them participation in the Section 8 program in violation of, *inter alia*, Section 504 and the Housing and Community Development Act, by failing to provide class members with referrals to suitable housing (*i.e.*, well-maintained, available, wheelchair-accessible, non-segregated housing).  *Id.* at *3-4.  In granting class certification, the court found that there existed "an alleged course of conduct of general applicability of the class." *Id.* at *12.

Similarly, in *Cason v. Rochester Housing Authority*, a sister district court granted class certification in an action alleging that the Rochester Housing Authority's policies discriminated against people with disabilities applying for public housing, in violation of *inter alia*, the Fair Housing Act and Section 504, by denying housing to applicants who fail to demonstrate the ability to live independently, or with minimal aid.  1990 U.S. Dist. LEXIS 14229, at *1011.  In granting the motion for class certification, the court found that plaintiffs were subjected to the same discriminatory policy, and that class certification was a highly effective method for ensuring defendant's compliance.  *Id.* at *1010.

Courts in this Circuit further have certified classes in numerous other cases alleging violations of disability statutes in the administration of a public benefit or program.  *See Brooklyn Ctr. for Independence of the Disabled v. Bloomberg*, 290 F.R.D. 409 (S.D.N.Y. 2012)

(certifying class of disabled New York City residents in an action claiming that the City's failure to adequately address the needs of people with disabilities in emergency preparedness plans violates Section 504, the ADA, and local laws); *Lovely H. v. Eggleston*, 235 F.R.D. 248, 254 (S.D.N.Y. 2006) (certifying class of New York City residents with disabilities who receive public assistance, Food Stamps and/or Medicaid benefits, and who claim that defendant administered their benefits in violation of, *inter alia*, the ADA and Section 504); *Marisol A. v. Giuliani*, No. 95 Civ. 10533 (RJW), 998 U.S. Dist. LEXIS 5760, at *9-10 (S.D.N.Y. Apr. 23, 1998) (certifying sub-class challenging violations of ADA and Section 504 requirements that children not be denied the protection and benefits of the child welfare system due to handicaps or disabilities); *Civic Ass'n of the Deaf of N.Y.C., Inc. v. Giuliani*, 915 F. Supp. 622, 632 & 634 (S.D.N.Y. 1996) (certifying class of New York City residents who are deaf or hearing-impaired and use a public telecommunications device in an emergency to communicate, who seek relief pursuant to, *inter alia*, the ADA and Section 504 in order to enjoin defendant from replacing telephones with alternative notification devices inaccessible to hearing-impaired citizens); *Raymond v. Rowland*, 220 F.R.D. 173, 174 (D. Conn. 2004) (certifying a class of individuals with disabilities who are eligible for public benefits, require reasonable accommodation to obtain or maintain benefit eligibility, and whose access to benefits is limited by the state agency in violation of, *inter alia*, the ADA and Section 504); *Henrietta D. v. Giuliani*, No. 95 CV0641 (SJ), 1996 U.S. Dist. LEXIS 22373, at *38-47 (E.D.N.Y. Oct. 25, 1996) (certifying class of New York City residents with AIDS or HIV-related illnesses seeking access to public benefits in compliance with the ADA and Section 504); *see also Lane v. Kitzhaber*, 283 F.R.D. 587 (D. Or. 2012) (certifying class comprised of individuals with disabilities seeking employment support services).

**B.**   **This Case Satisfies Rule 23(a)**

Rule 23(a) establishes the four prerequisites for the certification of any class action, requiring that "(1) the class [be] so numerous that joinder of all members is impracticable; (2) there [be] questions of law or fact common to the class; (3) the claims or defenses of the representative parties [be] typical of the claims or defenses of the class; and [that] (4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).  Each is satisfied here.

**1.**   **The Class Is So Numerous That Joinder Is Impracticable**

Rule 23(a)(l) requires that the class be "so numerous that joinder of all members is impracticable."  Impracticability means difficulty or inconvenience of joinder, not impossibility.  *Robidoux v. Celani,* 987 F.2d  931, 935 (2d Cir. 1993).  A class of as few as 40 members can satisfy the numerosity requirement.  *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995).

That the exact size of the class and identity of class members are not known is not a barrier to class certification.  *Id.* ("Courts have not required evidence of exact class size or identity of class members to satisfy the numerosity requirement."); *see also Lovely H.*, 235 F.R.D. at 255 ("Evidence of exact class size is not required by Rule 23; a good faith estimate is sufficient."); *Reynolds v. Giuliani*, 118 F. Supp. 2d 352, 389 (S.D.N.Y. 2000) ("precise enumeration or identification of class members is not required"); *Cortigiano*, 227 F.R.D. at 204 (stating that "[p]laintiffs are not required to specify an exact class size as a prerequisite to demonstrating numerosity"); 1 Herbert B. Newberg, *Newberg on Class Actions* § 3.05 (3d ed. 1992).  This is particularly true when, as here, defendant is more likely to possess data regarding numerosity.  *Oscar v. BMW of N. Am.*, 274 F.R.D. 498, 504 (S.D.N.Y. 2011); *see McNeill v. New York City Hous. Auth.*, 719 F. Supp. 233, 238 (S.D.N.Y. 1989) (plaintiffs are permitted to

5

rely on reasonable inferences drawn from available facts, and a lack of knowledge as to the exact number affected is not a bar to a class action "where defendants alone have access to such data."); *Pelman v. McDonald's Corp.*, 272 F.R.D. 82, 99 (S.D.N.Y. 2010) ("Lack of knowledge as to exact class size has been held excusable in cases where defendants alone have access to such data.") (internal quotations omitted); *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 552 (S.D.N.Y. 1995) (when "the exact number of class members could not be determined because the pertinent information was within the defendant's control," class certification was proper.). Further, a defendant's failure to collect data on affected individuals cannot be used against a plaintiff to show that assessing the class size is impossible. *Robidoux*, 987 F.2d at 936 (ruling that defendant could not use its own lack of data to contend that plaintiff failed to satisfy the numerosity requirement).

Here, although NYCHA has failed to track relevant numerosity data, the available information reasonably demonstrates that the number of residents with asthma living apartments with mold and excessive moisture problems reaches the thousands. Declaration of Petra T. Tasheff, Esq., in Support of Plaintiffs' Motion for Class Certification, dated Dec. 10, 2013 ("Tasheff Decl."), at ¶ 3. Based on data from reliable sources such as the U.S. Department of Health and Human Services and the New York City Department of Health and Mental Hygiene, an estimated 37,000 adults and children living in NYCHA housing have asthma. *See id.* at ¶ 15. Further, it is estimated that thousands of NYCHA's housing units have mold or excessive moisture problems. *Id.* ¶¶ 16-18. Thus, it is reasonable to conclude that the class size is so numerous that joinder would be impracticable.

Considerations beyond mere numbers further support a finding of impracticability. *Robidoux,* 987 F.2d at 936. Such considerations can include judicial economy arising from the

6

avoidance of a multiplicity of actions, financial resources of class members, the ability of claimants to institute individual suits, and injunctive relief impacting class members. *Id.* (finding aforementioned considerations present to support impracticability of joinder and consequently, class certification).

Here, the individual members of the proposed class lack the knowledge and financial means to maintain individual actions. Given the impoverished conditions under which plaintiffs live, it would be impracticable for each of them to obtain his or her own legal representation. Requiring members of the proposed class to proceed on an individual basis would thus unduly burden the judiciary and create a risk of inconsistent adjudications. *See Robidoux,* 987 F.2d at 936*; Brooklyn Ctr. for Independence of the Disabled*, 290 F.R.D. at 418 (certification of class of New York City residents with disabilities "is plainly appropriate" given injunctive nature of requested relief, diverse financial resources of class members, and burden on court of individual requests for injunctions); *Lovely H.*, 235 F.R.D. at 256 (finding that factors described in *Robidoux* favor certification of class of disabled recipients of public assistance, Food Stamps, and/or Medicaid); *Raymond*, 220 F.R.D. at 179 (*Robidoux* factors favor certification of individuals with disabilities who are eligible for public benefits); *Henrietta D.*, 1996 U.S. Dist. LEXIS 22373, at *40 (certification serves judicial economy where class members – individuals with AIDS or HIV who require modifications to obtain benefits – are economically disadvantaged, an injunction could affect all potential class members, and individual suits could lead to inconsistent results).

### 2.     There Are Questions of Law and Fact Common to the Class

Rule 23(a)(2) requires that there be "questions of law and fact common to the class." Fed. R. Civ. P. 23(a)(2).  Members of a proposed class must have claims that "depend upon a common contention" "capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.

Ct. 2541, 2551 (2011).  That is, "determination of [the contention's] truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Id.*

The commonality standard "is not demanding and is met so long as there is at least one issue common to the class," *Brooklyn Ctr. for Independence of the Disabled*, 290 F.R.D. at 418 (citation and internal quotation marks omitted); *see also Lovely H.*, 235 F.R.D. at 256 (rule "requires 'only that questions of law or fact be shared by the prospective class, although not all questions of law or fact raised need be common'" (quoting *Dura-Bilt Corp., v. Chase Manhattan Corp.*, 89 F.R.D. 87, 93 (S.D.N.Y. 1981))). The claims of each individual thus need not be identical.  *Brooklyn Ctr. for Independence of the Disabled*, 290 F.R.D. at 418-19; *Stinson v. City of N.Y.*, 282 F.R.D. 360, 369 (S.D.N.Y. 2012); *Cortigiano*, 227 F.R.D. at 205.

Rather, the commonality requirement is satisfied when defendant applies a common course of prohibited conduct to the plaintiff class that is not specific to a particular plaintiff.  *See Escalera v. N.Y.C. Hous. Auth.*, 425 F.2d 853, 867 (2d Cir. 1970); *Brooklyn Ctr. for Independence of the Disabled*, 290 F.R.D. at 418.  Factual disparities, if any, among class members do not defeat commonality so long as common issues affect all class members.  *Brooklyn Ctr. for Independence of the Disabled*, 290 F.R.D. at 418-19 (citing *Stinson,* 282 F.R.D. at 369); *Reynolds,* 118 F. Supp. 2d at 389-90; *see Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of N.Y. and N.J.,* 698 F.2d 150, 153-54 (2d Cir. 1983); *see also Lane*, 283 F.R.D. at 595-98 (although defendant argued that fact intensive, individualized considerations would be necessary to resolve plaintiffs issues due to their varying disabilities requiring different needs for employment services, the court found commonality satisfied because plaintiffs only needed to show a common denial of benefits.)

Commonality was satisfied in *Maziarz* where plaintiffs, representing a class of tenants in a senior-disabled housing center, argued that the Housing Authority imposed "a uniform independent living policy on all tenants" by requiring them to provide a Personal Care Sponsor Agreement and Statement to show that they were able to live independently.  281 F.R.D. at 82. The court found there existed a system-wide policy that forced a condition of tenancy onto all tenants, thereby creating a common question of whether that policy violated the ADA and FHA. *Id.*  Similarly, in *Fair Housing of the Dakotas, Inc. v. Goldmark Property Management*, No. 3:09-cv-58, 2011 U.S. Dist. LEXIS 106934, at *11 (D.N.D. Sept. 20, 2011), a court found commonality satisfied in a case challenging a system-wide policy that required a fee for non-specialty trained assistance animals.  Since the claim arose out of the policy and not out of the discretionary acts of any employees, the court found a common question of fact.  *Id.* at *12. Further, the court found a common question of law regarding whether the fee associated with a reasonable accommodation request violated the FHAA.  *Id.*

Here, questions of law or fact are common to the class.  At issue is NYCHA's system-wide failure to create and implement adequate policies, practices, and procedures for responding to complaints of mold and excessive moisture for tenants with asthma.  Defendants' failures reflect a system-wide policy that neglects plaintiffs' needs for reasonable accommodations, not the discretionary acts of a few individual employees.  As a result, plaintiffs experience a shared lack of equal and meaningful opportunity to use and enjoy their NYCHA housing.  These practices must be remedied so that plaintiffs may live in a safe, mold-free environment that does not exacerbate their asthma.  Therefore, numerous common legal and factual questions exist that are capable of class-wide resolution, including whether defendants have policies and procedures that sufficiently respond to plaintiffs' needs to create a safe, mold-free living environment, and

9

have violated the ADA, Section 504, and the FHAA by failing to reasonably accommodate plaintiffs and other similarly situated individuals through their lack of adequate policies and procedures for remediating mold and excessive moisture in NYCHA housing units.

Plaintiffs allege that NYCHA violates the same statutory rights in the same ways. Resolution of these questions will generate common answers as to all members of the class and drive the resolution of the litigation. *See Brooklyn Ctr. for Independence of the Disabled*, 290 F.R.D. at 419 (commonality requirement met in action challenging "a City-wide policy" of failing "to take into account the needs of disabled citizens" because the challenged "acts or omission . . . are not specific to any particular Plaintiff") (citation and internal quotation marks omitted); *Menking v. Daines*, No. 09 Civ. 4103 (RJH) (RLE); 2011 U.S. Dist. LEXIS 156243, at *8 (S.D.N.Y. Dec. 9, 2011) (commonality satisfied where class members shared factual circumstances regarding delayed applications for fair hearings, and a common issue concerning requirements for the provision of fair hearings); *Reynolds*, 118 F. Supp. 2d at 389 ("Common questions of law and fact . . . include . . . whether defendants process applications for food stamps, Medicaid, and cash public assistance in accord with applicable federal and state laws."); *Mariarz,* 281 F.R.D. at 81-82 (commonality satisfied in an action challenging a condition of tenancy at a disabled senior housing center that violated federal laws).

Where Plaintiffs have identified such concrete common questions of law and fact as those set forth in this case, courts in this Circuit have held that plaintiffs have met the requirement of commonality. *See, e.g.*, *Lovely H.*, 235 F.R.D. at 256 (observing that the Second Circuit affirmed findings of commonality at "'high levels of abstraction' such as 'whether each child has a legal entitlement to the services'" in *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997), and noting that plaintiffs in *Lovely H.* met their burden by setting forth "much more concrete"

10

questions such as whether notification and information systems "were so deficient as to have deprived class members of federal and local law accommodation and program accessibility rights without due process of law").

In sum, the central unifying question applicable to the class is whether defendant violates the class members' rights by failing to provide reasonable accommodations for NYCHA residents with asthma living in apartments with mold or excessive moisture problems and to make modifications to their policies, practices, and procedures to ensure that these accommodations are carried out.  Such failures are common across the class.  Plaintiffs, all NYCHA residents with asthma, live with mold and excessive moisture that exacerbates their symptoms causing difficulty breathing, coughing, wheezing, and hospitalization.  These residents are entitled to reasonable accommodations to repair and remediate the mold or moisture in their apartments and address the underlying causes so they are afforded an equal opportunity to enjoy and benefit from their housing units.  Therefore, the commonality requirement is satisfied.

### 3.    The Claims of the Named Plaintiffs Are Typical of the Class

Rule 23(a)(3) requires a showing that the claims of the class representatives be "typical" of those of the class, meaning that each member's claims arises from the same course of events, and each member makes similar legal arguments to prove liability. Fed. R. Civ. P. 23(a)(3); *Shakhnes v. Eggleston*, 740 F. Supp. 2d 602, 625 (S.D.N.Y. 2010).  The typicality requirement ensures that "maintenance of a class action is economical and [that] the named plaintiff's claims and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence."  *Marisol A.*, 126 F.3d at 376-77 (citation omitted) (finding that plaintiff's claims challenging different aspects of the child welfare system, when aggregated, satisfied typicality).  The requirement is met when the plaintiffs are subjected to the same policies.  *Maziarz*, 281 F.R.D. at 82 (typicality was satisfied when the housing authority

11

directed the same unlawful conduct at the plaintiff and proposed class).  Rule 23(a)(3) does not require that the representative party's claims be identical to those of all class members. *Robidoux*, 987 F.2d at 936-37 ("When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class . . . , the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying the individual claims."); *see Cortigiano,* 227 F.R.D. at 206 ("slight variations in how defendants treated different plaintiffs . . . [do] not render the claims atypical").

The typicality requirement is met here.  The named plaintiffs and each member of the proposed class reside in NYCHA housing, suffer from asthma, and need reasonable accommodations and modifications to NYCHA's procedures to effectively abate mold and excessive moisture so as to obtain an equal opportunity to use and enjoy their housing. Declaration of Maribel Baez in Support of Plaintiffs' Motion for Class Certification, dated Dec. 10, 2013 ("Baez Decl."), ¶ 17; Declaration of Felipa Cruz in Support of Plaintiffs' Motion for Class Certification, dated Dec. 9, 2013 ("Cruz Decl."), ¶ 16; Declaration of R.D., on Behalf of her Minor Child A.S., in Support of Plaintiffs' Motion for Class Certification, dated Dec. 10, 2013 ("R.D. Decl."), ¶ 16.  Therefore, each member is subject to the same NYCHA policies that fail to sufficiently address mold problems causing asthma symptoms to worsen.  The claims of the named plaintiffs and the class arise from the same illegal conduct, namely, defendant has failed to:  a) respond promptly to complaints of mold and excessive moisture, often taking months or longer; b) utilize the expertise of licensed plumbers to diagnose and address underlying plumbing problems; c) include a mold remediation policy that requires the removal of infected walls, ceilings, and flooring to treat the underlying cause of mold; d) use low-toxicity chemicals to properly treat infected surface areas; e) fully isolate work areas from the rest of

plaintiffs' apartments to minimize plaintiffs' exposure to contaminated surfaces, or when necessary, move plaintiffs to another apartment while work is being performed; and f) conduct air quality testing and regular inspections to ensure that remediation work was effective. These claims are narrowly focused on defendant's systematic unlawful conduct, which has caused each class member to suffer the same type of injury. Thus, the legal theories underlying the claims are identical for both the named plaintiffs and the class, and all class members "benefit from the named plaintiffs' action." *Cortigiano,* 227 F.R.D. at 206 (concluding that establishing that all members would benefit from named plaintiffs' action demonstrates typicality).

Thus, notwithstanding any slight variations in the fact patterns underlying each class member's claims, typicality exists because those claims arise from the same course of unlawful events, are premised on the same legal basis, and are not adverse to those of other class members. *See, e.g.*, *Brooklyn Ctr. for Independence of the Disabled*, 290 F.R.D. at 419 (typicality requirement satisfied where injuries alleged "derive from a unitary source of conduct by a single system"—in that case, the failure by the City to take into account the needs of people with disabilities in emergency preparedness plans); *Lovely H.*, 235 F.R.D. at 256 (finding typicality satisfied where plaintiffs claim that involuntary reassignment of individuals with disabilities to three "hub" centers for welfare services "violated their rights to be free from disability-based discrimination and denied them due process of law"); *Morel v. Giuliani*, 927 F. Supp. 622, 633 (S.D.N.Y. 1995); *Henrietta D.*, 1996 U.S. Dist. LEXIS 22373, at *43.

**4.**     <u>**The Named Plaintiffs Will Fairly and Adequately Protect the Class**</u>

Rule 23(a)(4) allows a class action to be maintained if: a) class counsel are qualified, experienced and generally able to conduct the litigation; and b) the interests of the named plaintiffs are not antagonistic to those of the remainder of the class. Fed. R. Civ. P. 23(a)(4);

*Marisol A.,* 126 F.3d at 378; *Reynolds,* 118 F. Supp. 2d at 390.  Both elements of Rule 23(a)(4) are satisfied here.

First, the named plaintiffs are willing and able to serve as class representatives and have been informed of their responsibilities as class representatives.  *See e.g.*, Baez Decl. at ¶ 16; Cruz Decl. at ¶ 15; R.D. Decl. at ¶ 15.

Second, the interests of the named and unnamed plaintiffs are coextensive.  The legal claims of the named plaintiffs arise from same illegal conduct applicable to the entire class; accordingly, the proposed class representative "possess[es] sufficient interest to pursue vigorous prosecution of their claims."  *Cortigiano,* 227 F.R.D. at 207.  The named and unnamed plaintiffs seek declaratory and injunctive relief to ensure that defendant implement reasonable accommodations and modifications to its policies, practices, and procedures to effectively abate mold and excessive moisture in plaintiffs' apartments so as to allow these residents an equal and meaningful opportunity to use, benefit from, and enjoy NYCHA public housing.  Such a request does not present conflicts between or among class members.

Third, class counsel, the National Center for Law and Economic Justice and Natural Resources Defense Council, have significant experience in class action litigation in federal and state courts, including matters relating to the ADA, Section 504, and FHAA.  *See* Tasheff Decl. at ¶ 19.  Class counsel will prosecute this action vigorously and competently.  *Id.*

**C.**     **This Case Involving Disability and Housing Claims Satisfies Rule 23(b)**

Having demonstrated that this action satisfies Rule 23(a), the next issue is whether it satisfies at least one prong of Rule 23(b).  *See* Fed. R. Civ. P. 23(b).  This action satisfies Rule 23(b)(2).

Rule 23(b)(2) requires that a defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is

14

appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Even further, class certification has been noted as a highly effective method to ensure defendant's compliance with the court's judgment in similar cases. *See Cason*, 1990 U.S. Dist. LEXIS 14229, at *1010 (in certifying a class of plaintiffs who were denied housing because of their disability status, the court observed that class certification may provide the best vehicle to ensure the defendants complied with the court's ruling.)

The requirements of 23(b)(2) are easily satisfied here. Importantly, plaintiffs do not seek individual relief by which each class member would be entitled to a different injunction or declaratory judgment, or an individualized award of monetary damages. *See Wal-Mart Stores*, 131 S. Ct. at 2557-59. Rather, plaintiffs contend that defendant's malfeasance and nonfeasance is applicable to the class as a whole and would be remedied by final injunctive and declaratory relief as to the class as a whole. *See Brown v. Giuliani*, 158 F.R.D. 251, 269 (E.D.N.Y. 1994); *Rocky Ford Hous. Auth. v. U.S. Dep't of Agric.,* 427 F. Supp. 118, 126-27 (D.D.C. 1977); 7A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1775 (3d ed. 2008).

Courts have repeatedly certified classes pursuant to Rule 23(b)(2) where a defendant's failure to act for the benefit of the plaintiffs is a result of institutional patterns and practices. *See Ray M. by Juana D. v. Bd. of Educ.,* 884 F. Supp. 696, 699 (E.D.N.Y. 1995) (court may certify class and need not engage in case by case determination where plaintiffs seek "systemic resolution" of violations of federal law). Here, the legal requirements defendant has violated result from institutional failures, specifically, defendant's inaction in making reasonable accommodations and modifications to policies, practices, and procedures to effectively abate mold and excessive moisture in plaintiffs' apartments substantially exacerbates their asthma.

Named plaintiffs and those they seek to represent are New York City residents, all of whom suffer from asthma and live in NYCHA public housing units that contain mold and excessive moisture.  Baez Decl. at ¶¶ 2-4, 6, 10, 14; Cruz Decl. at ¶¶ 2-3, 5, 9, 13; R.D. Decl. at ¶¶ 2-3, 5, 9, 13.  Plaintiffs' asthma symptoms are exacerbated by the mold and wxcessive moisture found in their apartments, impairing their quality of life.  Baez Decl. at ¶¶ 11-13; Cruz Decl. at ¶¶ 10-12; R.D. Decl. at ¶¶ 10-12.  As a result, plaintiffs are not afforded an equal and meaningful opportunity to enjoy and benefit from their housing units.  Named plaintiffs submitted a maintenance request to repair and remediate mold and wxcessive moisture problems, followed by a reasonable accommodation request when initial maintenance work failed to adequately address the underlying causes of the outbreaks.  Baez Decl. at ¶¶ 7-14; Cruz Decl. at ¶¶ 6-13; R.D. Decl. at ¶¶ 6-13.  Defendant has not, however, properly alleviated the underlying causes of the mold and wxcessive moisture; defendant neglects to have the distressed areas treated by a licensed plumber, and instead only addresses superficial problems.  Baez Decl. at ¶¶ 8-10, 15; Cruz Decl. at ¶¶ 7-9, 14; R.D. Decl. at ¶¶ 7-9, 14.  Thus, mold and wxcessive moisture remains rampant throughout named plaintiff's apartments.  Baez Decl. at ¶¶ 9, 14; Cruz Decl. at ¶¶ 9, 13; R.D. Decl. at ¶¶ 9, 13.  Defendant's uniform and systematic failure to resolve and abate the rampant mold and wxcessive moisture problem in plaintiffs' housing units impairs their quality of life and violates federal law.  Because of the uniform and systematic nature of defendant's failures, final injunctive and declaratory relief is appropriate as to the class as a whole.

Further, class certification has been deemed highly effective in ensuring defendant's compliance with the court's order.  *See Cason*, 1990 U.S. Dist. LEXIS 14229 at *1010.  Named plaintiffs and members of the plaintiff class accordingly seek, *inter alia*, a declaration that

16

defendant's actions violate federal law, as well as an injunction requiring defendant to make

reasonable accommodations and modifications to its policies, practices, and procedures in order

to effectively abate mold and wxcessive moisture in plaintiffs' apartments thereby affording

them an equal and meaningful opportunity to use, benefit from, and enjoy NYCHA public

housing.  The relief requested ensures a benefit to the class as a whole.

### III.   CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court certify the class

pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.


Dated:  New York, New York
        December 16, 2013


Respectfully Submitted,


Petra T. Tasheff

Henry A. Freedman
National Center for Law
and Economic Justice
Marc Cohan, of Counsel (MC 2612)
Petra T. Tasheff, of Counsel (PT 8762)
Jenny R. A. Pelaez of Counsel (JP 1364)
275 Seventh Avenue, Suite 1506
New York, New York 10001-6708
Phone: (212) 633-6967
Fax: (212) 633-6371
cohan@nclej.org
tasheff@nclej.org
pelaez@nclej.org

Nancy S. Marks (NM 3348)
Albert Y. Huang
Mitchell S. Bernard (MB 5823)
Natural Resources Defense Council
40 West 20th Street

17

New York, New York 10011
Phone: (212) 727-2700
Fax: (212) 727-1773
nmarks@nrdc.org
ahuang@nrdc.org
mbernard@nrdc.org