IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

MARIBEL BAEZ; FELIPA CRUZ; R.D., ON
BEHALF OF HER MINOR CHILD, A.S.; on their own behalf
and on behalf of all others similarly situated;
UPPER MANHATTAN TOGETHER., INC.; and SOUTH
BRONX CHURCHES SPONSORING COMMITTEE, INC.,

    Plaintiffs,

    v.

NEW YORK CITY HOUSING AUTHORITY,

    Defendant.

No. 13-cv 8916 (WHP)

---

### Declaration of Felipa Cruz in Support of Plaintiffs' Motion for Class Certification

I, FELIPA CRUZ, declare under penalty of perjury that the foregoing is true and correct:

1. I make this declaration in support of plaintiffs' motion for class certification.

2. I live in New York City Housing Authority ("NYCHA") housing in the Bronx, New York City. I live with my husband and adult daughter.

3. I have been diagnosed with asthma. I take two different medications to control my asthma symptoms.

4. The apartment provided to me by NYCHA has one and a half bathrooms, neither of which have any windows or ventilation.

5. Water has been seeping into both of the bathrooms through the ceiling. The seepage has caused water damage and mold growth. The walls in each of my bathrooms are wet. The mold growth is presently visible.

6. On numerous occasions, I called NYCHA to notify them of the water damage and mold growth in the bathrooms.

7. In response to my complaints, five times during the summer of 2013, NYCHA plastered and repainted the bathroom walls and ceiling, but did not address the underlying cause of the leaks and moisture.

8. I was present in the apartment when this work was performed. None of the NYCHA staff did any work on the plumbing after they removed and replaced the walls. To my knowledge, none of the staff who did the work were plumbers.

9. Within two weeks after NYCHA performed the work, mold growth was visible in the bathrooms again, and the bathroom walls and ceiling were wet.

10. On December 18, 2012, through my lawyers, I wrote to NYCHA's Office of Equal Opportunity. The letter informed NYCHA that I have asthma, that my asthma substantially limits my breathing, and the letter described the wet and moldy conditions in my apartment. The letter stated that there is a scientific link between mold and excess moisture and worsening of asthma symptoms. The letter involved my rights under disability rights laws asked NYCHA to modify its repair and mold remediation policies and procedures as a reasonable accommodation and reasonable modification for my asthma so that I could live in an apartment free of excessive mold and moisture. The letter identified the specific modifications in policies and procedures that I was requesting.

11. Attached to the letter was a letter from my doctor stating that I have asthma. The letter mentioned that I take medication for my asthma.

12. The doctor stated in her letter that mold or moisture in my apartment will make my symptoms worse and need to be eliminated.

13. My reasonable accommodation request letter discusses the results of air quality testing in my apartment performed by certified industrial hygienists that found high levels of airborne mold in the apartment, including mold on uninsulated pipes, dripping water, and visible water damage.

14. NYCHA has not provided me with these accommodations and modifications.

Serving as a class representative

15. I am willing to serve as a representative for the plaintiff class in this lawsuit and have been informed of my responsibilities as a class representative.

16. It is my understanding that my claims are typical of the class. I have asthma, my asthma substantially limits my ability to breathe, I live in public housing operated by NYCHA; have excess moisture and mold in my apartment. I need NYCHA to modify its policies, practices, and procedures in order to have an equal opportunity to benefit from NYCHA housing.

12/09/213

DATE

_Felipa Cruz_

FELIPA CRUZ