IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

---

MARIBEL BAEZ; FELIPA CRUZ; R.D., ON
BEHALF OF HER MINOR CHILD, A.S.; on their own behalf
and on behalf of all others similarly situated;
UPPER MANHATTAN TOGETHER., INC.; and SOUTH
BRONX CHURCHES SPONSORING COMMITTEE, INC.,

      Plaintiffs,

      v.

No. 13-cv 8916 (WHP)

NEW YORK CITY HOUSING AUTHORITY,

      Defendant.

---

### Declaration of R.D. on behalf of her minor child A.S. in Support of Plaintiffs' Motion for Class Certification

I, R.D., declare under penalty of perjury that the foregoing is true and correct:

1. I make this declaration in support of plaintiffs' motion for class certification.

2. I live in New York City Housing Authority ("NYCHA") housing in Brooklyn, New York City. I live with my minor child, A.S., and my two other children.

3. A.S. has been diagnosed with asthma. A.S. takes two different medications to control her asthma symptoms.

4. The apartment provided to me by NYCHA has 1 bathroom, which does not have any windows.

5. Water has been seeping into the bathroom through the ceiling. The seepage has caused water damage and mold growth. The walls in my bathroom are wet. The mold growth is visible.

6. On numerous occasions I called NYCHA to notify them of the water damage and mold growth in the bathroom.

7. In response to my complaints, in April 2013, NYCHA replaced a broken pipe in the ceiling above the bathtub, and scraped off the mold and repainted the bathroom walls and ceiling, but did not properly address the underlying cause of the leaks and moisture. In December 2013, NYCHA staff returned and treated the mold on the bathroom wall with Clorox bleach.

8. I was present in the apartment when this work was performed. The NYCHA staff who replaced the broken pipe stated they were plumbers.

9. Within a few months after NYCHA performed the work in April 2013, mold growth was visible in the bathrooms again, and the bathroom walls and ceiling were wet.

10. On December 18, 2012, through my lawyers, I wrote to NYCHA's Office of Equal Opportunity. The letter informed NYCHA that A.S. has asthma, that her asthma substantially limits her breathing, and the letter described the wet and moldy conditions in my

apartment. The letter stated that there is a scientific link between mold and excess moisture and worsening of asthma symptoms. The letter involved my rights under disability rights laws asked NYCHA to modify its repair and mold remediation policies and procedures as a reasonable accommodation and reasonable modification for my asthma so that A.S. could live in an apartment free of excessive mold and moisture. The letter identified the specific modifications in policies and procedures that I was requesting.

11. Attached to the letter was a letter from A.S.'s doctor stating that A.S. has asthma. The letter mentioned that A.S. takes medication for her asthma.

12. The doctor stated in her letter that mold or moisture in my apartment may have triggered A.S.'s symptoms.

13. My reasonable accommodation request letter discusses the results of air quality testing in my apartment performed by certified industrial hygienists that found high levels of airborne mold in the apartment, heavy mold growth on the bathroom walls and ceiling, and visible water damage, including on the bathroom walls and a wall in A.S.'s bedroom.

14. NYCHA has not provided me with these accommodations and modifications.

Serving as a class representative

15. I am willing to serve as a representative for the plaintiff class in this lawsuit and have been informed of my responsibilities as a class representative.

16. It is my understanding that my claims are typical of the class. My daughter A.S. has asthma, her asthma substantially limits her ability to breathe, we live in public housing operated by NYCHA; have excess moisture and mold in my apartment. I need NYCHA to

modify its policies, practices, and procedures in order to have an equal opportunity to benefit from NYCHA housing.

_12-10-13_  _Rosario de la Cuesta_

DATE  R.D.