IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

MARIBEL BAEZ; FELIPA CRUZ;
R.D., ON BEHALF OF HER MINOR CHILD, A.S.;
on their own behalf and on behalf of all others
similarly situated; UPPER MANHATTAN
TOGETHER, INC.; and SOUTH BRONX
CHURCHES SPONSORING COMMITTEE, INC.,

    *Plaintiffs*,

v.

NEW YORK CITY HOUSING AUTHORITY,

    *Defendant*.

No. 13 Civ. 8916 (WHP)

ECF Case

Rule 23(e) Order
~~(Proposed)~~

---

## ORDER SCHEDULING FAIRNESS HEARING AND APPOVING NOTICE PURSUANT TO RULE 23(e)

WHEREAS, this action was brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

WHEREAS, counsel for plaintiffs and counsel for defendant have entered into a Stipulation and Order of Settlement ("Settlement") which, if approved by the Court, would dispose of the claims made in this action by plaintiffs; and

WHEREAS, plaintiffs moved the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for approval of the proposed Settlement, for a hearing thereon, and for authorization of notice of the hearing to be provided to members of the class;

NOW, THEREFORE, IT IS ORDERED THAT:

1.    A hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure shall be held before the undersigned on March 27, 2014, for purposes of determining whether the proposed

1

Settlement is fair, reasonable, and adequate, and should be approved by the Court. The hearing shall take place before the Honorable William H. Pauley III, U. S. District Court, Southern District of New York, Courtroom 20B, 500 Pearl Street, New York, NY 10007, and will begin at 3:00 p.m. The hearing may be adjourned or continued from time to time without further notice.

2. Annexed as Exhibit A is the Notice of Proposed Settlement of Class Action Concerning the Rights of People Who Have Asthma and Live in NYCHA Housing Units to Reasonable Accommodations with Respect to Mold and Moisture. The Notice is hereby approved.

3. At least twenty-five (25) days prior to the hearing, Defendant shall cause the Notice, in English, Spanish, Chinese, Haitian-Creole, and Russian to be (a) posted in the lobby of housing units that it owns and/or operates and in such other locations that class members are reasonably likely to see. The Notices posted in these locations shall be 8.5" x 11" or 8.5" x 14," if necessary; (b) mailed to all NYCHA residents with the February 2014 rent bills; and (c) posted on NYCHA's web site. Defendant shall provide plaintiffs' counsel with electronic copies of the notices in English, Spanish, Chinese, Haitian-Creole, and Russian sent by e-mail, which plaintiffs and their counsel may post to their websites and distribute to other legal services providers and community-based organizations that serve the plaintiff class and request that those organizations post the Notice.

4. Any member of the plaintiff class may appear at the aforesaid hearing on March 27, 2014 at 3:00 p.m., in person or by counsel, and object to the Settlement or give reasons why the proposed settlement should not be approved as fair, reasonable, and adequate.

5.  Any member of the plaintiff classes may also object to or comment on the Settlement by submitting objections in writing. Objections or comments must be post-marked by March 22, 2014, to the Court at the address listed above.

Dated: Feb. 11, 2014
       New York, New York

                                                    _____
                                                    William H. Pauley III
                                                    United States District Court Judge

3

# EXHIBIT A

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT
## CONCERNING THE ABATEMENT OF MOLD AND MOISTURE
## FROM NYCHA APARTMENTS OF RESIDENTS WHO HAVE ASTHMA

If you live in a New York City Housing Authority (NYCHA) apartment that has mold and moisture problems, and you or someone in your household has asthma, you should read this notice. It provides information about the settlement of a lawsuit concerning the alleged failure of NYCHA policies and practices for removing mold and excessive moisture to accommodate residents with asthma.

### BACKGROUND

In December, 2013, a lawsuit, *Baez v. NYCHA,* 13 CIV. 8916 (WHP), was filed in federal court, claiming that NYCHA fails to make reasonable accommodations and modifications to its policies and practices to effectively abate mold and moisture for its residents with asthma, as required by federal and state law. NYCHA denies any wrongdoing, and the Court has not made any final decisions about the claims in the lawsuit. The parties have agreed to a settlement in the case, which must be approved by the Court.

### PROPOSED SETTLEMENT

You can read the proposed settlement on the websites of National Center for Law and Economic Justice and the Natural Resources Defense Council, the legal organizations that represent the plaintiff class. The websites can be accessed at www.nclej.org and www.nrdc.org.

The basic terms of the settlement are:

1. The individuals that have made the claim will represent a "plaintiff class" that will consist of "Current and future residents of NYCHA who have asthma that substantially limits a major life activity (for example, walking, speaking, breathing, eating, sleeping, standing, lifting, bending, reading, concentrating, thinking, and communicating) and who have mold and/or excessive moisture in their NYCHA housing."

2. NYCHA's mold policy will provide for effective and safe abatement of mold and excessive moisture and the elimination of their underlying causes. When residents provide NYCHA with access to their apartments, NYCHA shall, on average, complete simple repairs for mold and excessive moisture within seven (7) days and more complex repairs within fifteen (15) days (excluding capital improvements). Following repairs, NYCHA shall make a good-faith attempt to contact residents to determine if mold and excessive moisture problems and their underlying problems have been effectively addressed.

3. NYCHA will modify its forms and informational materials related to disabilities and mold to inform residents that asthma may be a disability entitling residents to accommodations in NYCHA policies, practices, and procedures, and that mold and/or excessive moisture may aggravate asthma symptoms. Such accommodations may include the right to install and operate an additional air conditioner if the electrical system permits, transfer to a temporary location during the process to improve the mold/moisture situation, permanent relocation to another NYCHA apartment if the apartment is cannot be lived in due to its condition, and another apartment is available, use of low-toxicity substances to destroy or stop the growth of mold, to, and/or the use of dust control methods during mold removal.

4. NYCHA will periodically report to the plaintiffs' lawyers information about requests for accommodations, the time it takes NYCHA to respond to complaints and complete work to eliminate mold and moisture, and the effectiveness of work performed.

5. The Court will enforce the settlement for at least 30 months.

### RIGHT TO OBJECT

Any class member has the right to object to the proposed settlement as not fair, reasonable and adequate, by appearing and stating his/her objections at the hearing, in person or by counsel. The Court has set a hearing for this purpose on March 27, 2014, at 3:00 p.m. at the following address:

**Honorable William H. Pauley, United States District Judge**
**United States District Court for the Southern District of New York**
**Daniel Patrick Moynihan United States Courthouse**
**500 Pearl St., Room 20B, New York, NY 10007**

Class members may also object to the settlement by sending a letter marked "Baez Settlement" and postmarked by March 22, 2014, to the Court at the address listed above.