IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIBEL BAEZ; FELIPA CRUZ; R.D., ON BEHALF OF HER MINOR CHILD, A.S.; on their own behalf and on behalf of all others similarly situated; UPPER MANHATTAN TOGETHER, INC.; and SOUTH BRONX CHURCHES SPONSORING COMMITTEE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NEW YORK CITY HOUSING AUTHORITY, <br><br> Defendant. | ~~PROPOSED~~ ORDER <br><br> No. 13 Civ. 8916 (WHP) <br><br> USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #: _____ <br> DATE FILED: 4/8/14 |

WILLIAM H. PAULEY, III, District Judge:

  Plaintiffs, on behalf of themselves and all those similarly situated, commenced this action to challenge the alleged failure of the defendant New York City Housing Authority ("NYCHA") to make reasonable accommodations and modifications in its policies, practices, and procedures to effectively abate mold and excessive moisture in plaintiffs' apartments, which they allege exacerbate their asthma symptoms. Plaintiffs allege that defendant's actions deny them an equal and meaningful opportunity to use, benefit from, and enjoy public housing, in violation of Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101 - 12103, 12131 - 12134, 12201 - 12213; Section 504 of the Rehabilitation Act of 1973 (Section 504), 29 U.S.C. § 794; and the Fair Housing Amendments Act of 1988 (FHAA), 42 U.S.C. § 3604. Plaintiffs' Complaint seeks injunctive relief ordering NYCHA to provide requested reasonable accommodations and modifications, in order to remediate mold and excessive moisture present in their apartments. NYCHA has asserted that it reasonably accommodates individuals with

1

disabilities as required by federal and state law.

On March 27, 2014, the Court held a fairness hearing pursuant to Federal Rule of Civil Procedure 23(e)(2) for the purpose of assessing whether the parties' proposed settlement is fair, reasonable, and adequate on behalf of the plaintiff class. On February 11, 2014, the Court certified a class, pursuant to Federal Rule of Civil Procedure 23(b)(2), defined as follows:

> Current and future residents of NYCHA who have asthma that substantially limits a major life activity and who have mold and/or excessive moisture in their NYCHA housing.

Proper notice was posted by the parties apprising NYCHA residents of the fairness hearing and setting forth in plain language the nature and aim of the action, the qualifications of the Class, and the rights of Class Members, pursuant to Rule 23(c)(2)(B). Plaintiffs' counsel reported receiving approximately seventy-four (74) comments by telephone and email from Class Members. In addition, the Court received approximately 40 written comments from Class Members, which it forwarded to plaintiffs' counsel.

The great majority of the comments received by plaintiffs' counsel from Class Members indicated their support for the provisions of the proposed settlement. Virtually all of these comments describe difficulties with respiratory health, including asthma, and conditions of mold and moisture build-up in their NYCHA apartments which have not been effectively remediated.

Plaintiffs' counsel received seven comments indicating a desire for the availability of compensatory damages relief against NYCHA regarding the presence of mold or excessive moisture in their apartments. One of these commenters specifically objected to the terms of the Order, because the plaintiffs have not sought damages as relief in the litigation. Three commenters summarily objected to the settlement, without specifying substantive concerns with its terms. Another commenter appeared to object to the class notices being issued in non-English languages.

Another commenter asked the Court to issue injunctive relief to order mold remediation by NYCHA. Two commenters objected to specific terms of the proposed settlement, including the purported exclusion of capital improvement repairs, the lack of delivery of mold samples to a New York City health department laboratory for inspection, free annual medical check-ups for mold-related illnesses, establishment of a trust fund and related monetary fund to cover healthcare costs, semi-annual bathroom vent and elevator shaft cleanings, temporary housing, moving and storage for tenants needing to vacate their apartments while mold is being abated, and the lack of inclusion of workers and home attendants working in mold conditions. Finally, one commenter stated his apartment was "OK."

Plaintiffs' counsel received from the Court four comments in Spanish and one comment in Chinese, and arranged informal, non-certified translations of the documents. Each of these comments, except one, describes the persons' respiratory problems and mold conditions in their apartments. One comment appears to describe a broken window, instead of mold.

At the March 27, 2014 fairness hearing held before the Court, approximately thirty-one (31) individual NYCHA residents spoke. The majority of these individuals described personal health conditions involving asthma or other respiratory disorders, as well as other health conditions, and the prevalence of mold and excessive moisture in their apartments. One individual objected to the lack of compensatory damages being sought as relief in the action.

In response to the Court's inquiries, plaintiffs' counsel agreed to speak individually with the thirty-one (31) persons appearing at the fairness hearing and write defendant's counsel to provide pertinent information, and defendant's counsel agreed that defendant would investigate each person's allegations, take any appropriate action, and report the results of their investigation and actions, as appropriate, to plaintiffs.

The proposed settlement of the parties meets the standards used by the Second Circuit to evaluate class action settlements. *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) ("*Grinnell I*"), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). The terms of the proposed settlement are fair, adequate and reasonable. The settlement terms are comprehensive and protect the interests of Class Members.

Defendant provided substantial informal fact discovery to plaintiffs prior to commencing this action. The parties also engaged in extensive, arm's-length negotiations, which resulted in a comprehensive agreement. The proposed settlement removes the need for any continued litigation in this matter. Given the scope and complexity of the NYCHA programs involved and the number of apartments impacted by the need for mold and excessive moisture remediation, the cost of continuing litigation would be high. The proposed settlement eliminates the costs associated with a potential trial and appeal. The proposed settlement provides the relief plaintiffs sought more quickly than would have been realized had the litigation continued. Finally, the attorneys' fees are reasonable.

For these reasons and for the reasons more fully on the record at the Fairness Hearing,

IT IS HEREBY ORDERED THAT the Stipulation and Order of Settlement on consent is approved as being fair, reasonable, and adequate in accordance with Federal Rule of Civil Procedure 23(e)(2).

SO ORDERED.

Dated:  April __, 2014
        New York, New York

_____
WILLIAM H. PAULEY, III
UNITED STATES DISTRICT COURT JUDGE