USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/17/14

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RECEIVED
DEC 17 2013
JUDGMENT CLERK'S OFFICE

JUDGE PAULEY

---

MARIBEL BAEZ; FELIPA CRUZ; R.D., ON BEHALF OF
HER MINOR CHILD, A.S.; on their own behalf and
on behalf of all others similarly situated;
UPPER MANHATTAN TOGETHER, INC.; and
SOUTH BRONX CHURCHES SPONSORING COMMITTEE, INC.,

    Plaintiffs,

    v.

NEW YORK CITY HOUSING AUTHORITY,

    Defendant.

**13 CV 8916**

No. 13-cv-_____

ECF Case

---

## STIPULATION AND ORDER OF SETTLEMENT

WHEREAS, individual public housing residents who allege they suffer from asthma and who brought this action on behalf of themselves and all others similarly situated, and two nonprofit community-based organizations — Upper Manhattan Together, Inc. and South Bronx Churches Sponsoring Committee, Inc. — that advocate for the rights of New York City public housing residents, including those with asthma who have mold and excessive moisture in their apartments (hereinafter plaintiffs), allege that defendant, New York City Housing Authority (hereinafter NYCHA) fails to make reasonable accommodations and modifications in its policies, practices, and procedures to effectively abate mold and excessive moisture in their apartments, which they allege exacerbates their asthma symptoms;

WHEREAS, plaintiffs allege that NYCHA's failure to make reasonable accommodations and modifications in policies, practices, and procedures to effectively abate mold and moisture in plaintiffs' apartments denies them an equal and meaningful opportunity to use, benefit from,

and enjoy public housing, in violation of the Americans with Disabilities Act of 1990 (ADA) (codified as amended in scattered sections of 42 U.S.C. and 47 U.S.C.), Section 504 of the Rehabilitation Act of 1973 (Section 504), 29 U.S.C. § 701 *et seq.*, and the Fair Housing Amendments Act of 1988 (FHAA), 42 U.S.C. § 3604;

WHEREAS, NYCHA states it is its policy to combat the problems of mold growth and excessive moisture in apartments and other areas by taking proactive measures;

WHEREAS, NYCHA states it is its policy that, where mold and excessive moisture problems are detected, NYCHA shall promptly and methodically assess the situation and apply remediation techniques designed to eliminate or control mold and/or excessive moisture problems at their source, while protecting the health of residents and staff. NYCHA's stated policy includes, but is not limited to, removing visible mold, identifying the excessive moisture sources that support the mold growth, and eliminating them;

WHEREAS, nothing in this Stipulation and Order of Settlement ("Stipulation and Order") shall be deemed to be a finding or an admission that NYCHA has in any manner violated plaintiffs' rights as contained in the constitutions, statutes, ordinances, rules, and regulations of the United States, the State of New York, or the City of New York;

WHEREAS, the parties believe that the best interests of the class will be advanced by the settlement of this action; and

WHEREAS, the parties desire to settle this action on terms and conditions just and fair to all parties; it is hereby

**ORDERED ON CONSENT:**

**I.   DEFINITIONS**

1.    The following definitions apply in this Stipulation and Order:

a.      Mold – one or more of various types of fungi that grow in filaments and

reproduce by forming spores. The term "mildew" is sometimes used to refer to some

kinds of mold, particularly mold in the household with a white or grayish color or mold

growing in shower stalls and bathrooms.

b.      Excessive moisture – uncontrolled dampness, wetness, or the presence of water

due to leaks in or seepage from building infrastructure or systems.

c.      Work Order – the process by which NYCHA schedules a repair or other work to

be performed to address a condition in an apartment requiring remediation.

d.      Work Order to be Completed within Seven (7) days – Work orders for which the

time between the Creation Date and the Actual Finish Date should, on average, be less

than or equal to seven days.  They involve simple repairs that can be done by a

maintenance worker in a single visit to the apartment.

e.      Work Order to be Completed within Fifteen (15) days – Work orders for which

the time between the Creation Date and the Actual Finish Date should, on average, be

less than or equal to fifteen days.  These involve relatively complex repairs that need

skilled trades or other specialized staff to address and may require multiple visits to the

apartment.

f.      Service Level – The sum of the total days for all closed and open work divided

by the total work orders closed and open at the end of the reporting period.

g.      Capital Improvement – Major repair requiring a total system upgrade

h.      Disability – A physical, medical, mental, or psychological impairment.

i.      Asthma – A chronic respiratory illness characterized by inflammation and

narrowing of the airways to the lungs, difficulty breathing, and shortness of breath.

II.    **CLASS CERTIFICATION**

2.    A class is certified as follows:

> Current and future residents of NYCHA who have asthma that
> substantially limits a major life activity and who have mold and/or
> excessive moisture in their NYCHA housing.

III.    **NYCHA'S RESPONSIBILITIES**

3.    NYCHA shall abate flooding conditions when feasible within 24 hours, and all standing

water relating to the flood shall be mopped up and water soaked areas, with the exception of

residents' personal property, shall be dried within 48 hours.

4.    When residents provide NYCHA with access to their apartments, NYCHA shall maintain

an average service level of no more than seven (7) days for completion of mold and excessive

moisture-related work orders that require simple repairs that can be done by a maintenance

worker in a single visit to the apartment and an average service level of no more than fifteen days

(15) days for completion of more complex repairs.

5.    (a) For purposes of this Stipulation and Order, NYCHA shall be deemed to be in

compliance with paragraph 4 of this Stipulation and Order with respect to work orders that are to

be completed within seven days during a quarterly period defined in paragraph 10 so long as

NYCHA processes to completion at least ninety-five percent (95%) of such work orders in an

average of no more than seven (7) days during the period.  For purposes of this Stipulation and

Order, NYCHA shall be deemed in compliance with paragraph 4 of this Stipulation and Order

with respect to work orders to be completed within fifteen days during a quarterly period defined

in paragraph 10 so long as NYCHA processes to completion at least ninety-five percent (95%) of

such work orders in an average of no more than fifteen (15) days during the period.

(c) Paragraphs 4 and 5 of the Stipulation and Order shall not apply to capital improvements.

6.      When a mold and/or excessive moisture condition is detected by NYCHA or reported by an authorized occupant in an apartment, NYCHA will create a work order and staff will discuss the possible causes of mold growth with an adult authorized occupant of the apartment. NYCHA staff shall provide the adult authorized occupant with a copy of NYCHA 060.303, Preventing Mold Growth in Your Apartment, and emphasize sections of the form that are most appropriate. An entry shall be documented on the work order after the adult authorized occupant interview. Within no more than 60 days after the completion of a Level II or Level III Work Order, NYCHA shall make a good-faith attempt to contact the resident to determine if all of the work identified in the Work Order was completed, and the mold and excessive moisture problems and their underlying causes have been effectively addressed. NYCHA will record the date(s) and nature of its attempts to contact the resident, the associated work order number and whether the resident reported that the problems were effectively addressed. If the resident indicates the problems and/or their causes have not been effectively addressed, a new work order will be created and a supervisor will perform an inspection of the apartment.

After the close of each Annual Quarter, NYCHA will report to plaintiffs' counsel the number of residents contacted and the percentage of work orders for which the resident reported that the problems were not effectively addressed.

7.      NYCHA shall implement the requirements of paragraphs 3 through 6 of this Stipulation and Order in accordance with the provisions of the Policy Document entitled "Operations & Maintenance Policy for Mold & Moisture Control in Residential Buildings" annexed hereto as Exhibit A. NYCHA shall modify written policies, standard operating procedures, forms, and

informational materials for residents and staff (including maintenance staff, development staff, and maintenance supervisors), as necessary to effect the policy set forth in Exhibit A hereto.

8.    (a)    NYCHA shall modify the Reasonable Accommodations in Housing for Applicants, Section 8 Voucher Holders, and NYCHA Residents Policy (040:12:1) ("ADA Policy"); Disability Status and Notice of Reasonable Accommodation form (040:422); Reasonable Accommodation Request form (040:425); Medical Verification form (040:426); A Home to Be Proud Of ("NYCHA Residents' Handbook"); and Mold Handout (060:303), as set forth as Exhibits B, C, D, E, F, and G hereto.

(b)    NYCHA shall attach the Disability Status and Notice of Reasonable Accommodation forms (040:422), the Reasonable Accommodation Request form (040:425), and the Medical Verification form (040:426) into one packet;

(c)    NYCHA will distribute the revised policies, procedures, and forms referenced in this Paragraph 8 of the Stipulation and Order as required by this Stipulation and Order to all staff involved in the reasonable accommodation process. NYCHA will inform all staff involved in the reasonable accommodation process of the existence and substance of changes in policies, procedures, and forms.

(d)    The forms annexed hereto as Exhibits C, D, E, F, and G shall be deemed to implement the ADA Policy annexed hereto as Exhibit B.

(e)    NYCHA shall, within sixty (60) days of the effective date of this Stipulation and Order, train staff, including all staff with responsibility for responding to reasonable accommodation requests and handling Customer Contact Center calls, on (i) the written policies, procedures, forms, and informational materials revised as required by this Stipulation and Order; and (ii) the fact that mold can exacerbate the symptoms of asthma.

6

9.      NYCHA will submit to plaintiffs' counsel within sixty (60) days of the effective date of this Stipulation and Order a draft of a standard operating procedure, and any additional manuals, informational materials, forms, or training materials implementing Exhibit A, for plaintiffs' review and comment before these documents are finalized. After plaintiffs have received the drafts, they will have sixty (60) days to review and provide comments. Plaintiffs' comments will be taken into consideration by NYCHA. NYCHA must finalize and issue revised procedures within sixty (60) days after receiving plaintiffs' comments, and promptly provide copies of all finalized policies, procedures, manuals, informational materials, forms, and training materials to plaintiffs' counsel. Nothing herein precludes plaintiffs from seeking to compel changes in procedures, manuals, informational materials, forms, and training materials submitted to plaintiffs after the effective date of this Stipulation and Order in the event that, after defendant has considered plaintiffs' comments, plaintiffs believe in good faith that defendant's proposed or actual issuances do not conform to the Policies annexed hereto as Exhibits A and/or B.

## IV.   MONITORING

10.     (a) On a quarterly basis (commencing with data for the first full calendar month after the effective date of this Stipulation and Order as defined in Paragraph 16 of this Stipulation and Order), NYCHA shall provide plaintiffs' counsel with a report that identifies the percentage of work orders concerning mold or uncontrolled moisture or both requiring action within seven (7) days, action within fifteen (15) days, or deferred for capital improvement work; the number of post-closed work order closure contacts and quality assurance inspections attempted; and the total number of mold and uncontrolled moisture work orders, and shall report the number and percentage of work orders that were completed within the agreed upon service levels; the number and percentage of work orders that were not completed within the agreed upon service levels; the

number of post-closed work order contacts and quality assurance inspections completed; and the number of post-work order quality assurance inspections not completed within the agreed upon timeframe. These data shall be further broken down by (i) housing property; (ii) problem code and failure class; (iii) whether the work order is a seven (7) day, fifteen (15) day, or deferred for capital improvement work order; (iv) if average service levels are not met, an explanation of why they are not met.

      (b)     Defendant shall engage in sampling of mold and uncontrolled moisture complaints as follows:

      1.     Sample Definition

      a.     Defendants shall, every six (6) months, draw a systematic or random sample of the complaints made to defendant for one month to be determined randomly. Within sixty (60) days after the conclusion of the six (6) month sampling period, defendant shall submit a report to plaintiffs' counsel that indicates the following:

      (1)     All work orders generated to respond to the complaint;

      (2)     Whether or not the work was completed within the agreed upon service levels.

      2.     Sample Size – The size of the samples referenced in this paragraph 10(b) shall be the number of complaints necessary to provide a statistically valid sample at the 95% confidence level with a 3% margin of error;

      (c)     After the close of each Annual Quarter, NYCHA shall randomly or systematically select 100 closed work orders related to mold and uncontrolled moisture for re-inspection, provided the work orders satisfy the following criteria:

(1)     The physical work was completed within the annual quarter that is being
        assessed;

(2)     The work order was for a Level II or Level III abatement; and

(3)     The resident has not reported to NYCHA that the problems targeted by the
        work order were not effectively addressed.

The assessed work orders in the samples drawn pursuant to Paragraph 10(c) of the Stipulation
and Order shall be split proportionally between Level II and Level III work orders based upon
the total numbers closed for the quarter.  To the extent that they are available, moisture meters
shall be used during the assessment to verify the effectiveness of the moisture control work.  If
the assessment finds mold or uncontrolled moisture problems, a new work order will be created.
NYCHA shall report the findings of the inspections to plaintiff's counsel within sixty (60) days
of the completion of the assessments.

Of those apartments selected for each quarterly sample, NYCHA will identify for plaintiffs'
counsel:

(1)     the number of apartments for which NYCHA performed physical work to
        remediate a complaint of mold and/or moisture in a prior quarter subsequent to
        the effective date of this Stipulation and Order of Settlement; and

(2)     the number of apartments that, subsequent to the effective date of this Stipulation
        and Order of Settlement, had previously been included in a quarterly sample and
        inspected for a mold or moisture complaint other than the one that is the subject
        of the  work order(s) selected in the current sample.

The findings of the assessments will be used solely to confirm, adjust, or improve NYCHA's
Mold and Moisture Control Program.

9

11.     On a semi-annual basis (commencing with data for the first full calendar month after the effective date of this Stipulation and Order as defined in Paragraph 16 of this Stipulation and Order), NYCHA shall provide plaintiffs' counsel with the following:

a.     Copies of reasonable accommodation requests submitted to NYCHA on behalf of residents with asthma related to mold and/or excessive moisture in their apartments;

b.     Information on the status of each such accommodation request, including whether the request was granted, was denied, is still pending, or whether an alternative accommodation was provided, and if so, the nature of the alternative accommodation;

c.     Copies of all ADA/Section 504 grievances submitted to NYCHA on behalf of individuals seeking reasonable accommodations in Paragraph 11(a) above.

## V.     JURISDICTION OF THE COURT

12.     For the duration of this Stipulation and Order, plaintiffs shall not seek to have imposed any additional systemic obligations upon NYCHA with respect to the issues that are the subject of this action, except as a remedy should the plaintiffs establish their entitlement to such a remedy in connection with a motion to enforce the Stipulation and Order (made in accordance with paragraph 17 of this Stipulation and Order), or with the written consent of the parties.

13.     Dismissal of the action shall be in conformity with the following paragraphs:

a.     This Court shall retain jurisdiction over this Stipulation and Order for thirty (30) or thirty-six (36) months ("Stipulation Period") for the purpose of modification and enforcement. At the end of this period, this Stipulation and Order shall cease to have any effect except as provided in accordance with sub-paragraph "b". If NYCHA is in compliance with paragraph 5 of this Stipulation and Order for two or more consecutive quarterly periods immediately prior to

the 30th month, the jurisdiction of the Court will terminate, subject to the provisions of paragraph 13(b) below, immediately.

b.      If plaintiffs move to enforce any provision of this Stipulation and Order during the Stipulation Period, the Court will retain jurisdiction to decide the motion notwithstanding the conclusion of the Stipulation Period. Non-systemic, individual, and isolated violations of this Stipulation and Order shall not form a basis for a finding that NYCHA has acted in violation of this Stipulation and Order. Nothing herein shall be deemed a limitation on the jurisdiction of the Court to effectuate any relief the Court deems proper, subject to the rights of the parties to appeal, including the extension of the Court's jurisdiction in order to give defendant time to comply with any such Order.

c.      In any month(s) in which NYCHA's performance under paragraphs 3 through 7 of this Stipulation and Order is affected by systematic computer malfunctions in which the computers are out of operation for more than twenty-four (24) consecutive hours as a result of natural disasters, terrorist attacks, or other similar circumstances beyond NYCHA's control (Force Majeure), NYCHA's non-complying performance for such month(s) shall be disregarded for the purposes of determining NYCHA's compliance pursuant to this paragraph, but the terms of this Stipulation and Order and the Court's jurisdiction to enforce it, shall be automatically extended by an equal number of additional month(s) if NYCHA asserts a Force Majeure. If NYCHA invokes a Force Majeure, NYCHA shall, as soon as practicable (but in no event later than fourteen (14) days after NYCHA knew, or should have known, of such event) notify plaintiffs' counsel, in writing. In such notification, NYCHA shall report the anticipated length of the disruption, the precise cause or causes of disruption, the measures taken and to be taken by NYCHA to prevent or minimize the disruption, and the timetable by which those measures will

11

be implemented.  NYCHA will adopt all reasonable measures to avoid or minimize any such disruption.  If plaintiffs agree that a disruption has been or will be caused entirely by circumstances beyond the control of NYCHA or any of its employees, agents, contractors, or consultants, and that NYCHA and its employees, agents, contractors, and consultants could not, despite the exercise of their best efforts, have foreseen or prevented such violation, the time for performance of such requirement shall be extended for a period not to exceed the actual disruption resulting from such circumstance.  In the event plaintiffs do not agree, NYCHA may submit the matter to this Court for resolution.

## VI.    MISCELLANEOUS PROVISIONS

14.    Upon the execution of this Stipulation and Order and the submission of it to the Court for approval and so ordering, for those residents who were brought to NYCHA's attention by plaintiffs' counsel who have previously submitted to NYCHA requests for repairs contained within the requests for accommodation related to the issues of mold or uncontrolled moisture, NYCHA will inspect and complete, as necessary, any requested repairs and/or otherwise provide accommodations, as soon as possible after the residents provide access.  In completing those repairs and/or providing those accommodations, NYCHA will use as much of the Mold Policy as is reasonably practicable.

15.    The purpose of the moisture meter pilot project is to evaluate the efficacy of moisture meters, borescopes, and humidity gauges for mold and excessive moisture investigations conducted by NYCHA staff at select NYCHA Developments located in New York City neighborhoods with high asthma rates (i.e. Northern Manhattan and the South Bronx).  NYCHA will engage in a pilot program regarding the effectiveness of moisture meters if it receives funds from the City of New York to do so.  Based upon NYCHA's assessment of the performance of

the equipment during the pilot, and considering the totality of the circumstances, including other uses for NYCHA resources, NYCHA will determine whether it will continue to use such equipment and deploy it more broadly throughout NYCHA. The determinations of NYCHA as to (1) how to structure the program; (2) how to evaluate the program; and (3) whether to acquire more moisture meters and/or use them more broadly are solely within the discretion of NYCHA, and plaintiffs agree not challenge any of those determinations. At the conclusion of the pilot, NYCHA will advise the plaintiffs in writing, through their attorneys, of the outcome of the pilot and whether NYCHA will use such equipment more broadly. Plaintiffs will not use that information in any litigation against NYCHA.

16.    The terms and conditions of this Stipulation and Order shall be deemed effective ("Effective date"), and the parties' obligations, rights, and responsibilities hereunder shall commence when approval by the Court of this Stipulation and Order, following notice to the Class and a hearing as prescribed by Fed. R. Civ. P. 23, issues in the form of an order granting final approval to this Stipulation and Order.

17.    In the event that plaintiffs believe that NYCHA has not complied with the terms of this Stipulation and Order, plaintiffs may move for enforcement of the Stipulation and Order against NYCHA after attempting to remedy the violation through good faith discussions with NYCHA. Plaintiffs shall provide NYCHA's counsel with written notice of the nature and specifics of the claimed violations in order to give NYCHA an opportunity to cure such alleged violations, at least thirty (30) days before any enforcement motion is made, and shall meet and discuss with NYCHA the claimed violations and possible solutions. Plaintiffs shall provide copies of any documents or data they rely on that plaintiffs' counsel obtained from sources other than NYCHA and shall identify any NYCHA documents on which they rely.

18.     No provision of this Stipulation and Order shall infringe upon an individual's right to challenge NYCHA's failure to provide an accommodation or to otherwise address conditions in his or her apartment in any appropriate administrative agency or State court proceeding, nor shall any provision of this Stipulation and Order create rights for individuals to obtain judicial or administrative relief.

19.     Notwithstanding the provisions of this Stipulation and Order, NYCHA reserves the right to implement, change, or otherwise alter or amend the procedures and requirements of this Stipulation and Order if consistent with federal statutes or regulations and state statutes and regulations.  NYCHA shall provide plaintiffs' counsel written notification of a change at least thirty (30) days prior to the commencement of implementation, unless NYCHA is required to implement such a change in less than thirty (30) days.  If NYCHA is required by federal or state law or regulation to implement a change in less than thirty (30) days, NYCHA shall provide notice to plaintiffs' counsel no later than seven (7) working days after learning of a required change.  Plaintiffs may move to challenge whether the change is consistent with federal statutes or regulations or state statutes or regulations.  If defendants have given plaintiffs at least thirty (30) days' notice of the change, plaintiffs will give defendants at least seven (7) days' notice of an intention to move to challenge the change.

20.     This Stipulation and Order is solely for the purposes of settlement, and does not reflect the positions of the parties in any other judicial or administrative action or proceeding.  This Stipulation and Order shall not be admissible in any other judicial or administrative action or proceeding or used in any settlement negotiations.  Nothing herein shall prevent the use of this Stipulation and Order in connection with a motion filed in this action, including a motion to enforce pursuant to paragraph 17, or motion to challenge under paragraph 19.

21.    Unless as otherwise stated herein, notices must be provided by electronic mail and United

States Postal Service mail.

**VII.   ATTORNEY'S FEES**

22.    Defendant shall pay the sum of $ 250,000 to counsel for plaintiffs for attorneys' fees,

costs, and disbursements in or arising from this action within sixty (60) days of the entry of this

stipulation and order.  Plaintiffs accept  this sum  in full settlement of any claims for attorneys'

fees, costs, and disbursements that plaintiffs or the class, as defined in paragraph 2 of this

Stipulation and Order, may have incurred, or will incur against the defendant except plaintiffs

may move for fees in connection with any enforcement motion pursuant to paragraph 17 of this

Stipulation and Order that results in the entry of an order that either finds defendant in contempt,

mandates additional obligations by defendant, or approves an agreement between the parties

resolving the motion in a way that requires NYCHA to take, or refrain from taking, a particular

action.  Nothing herein shall preclude defendant from opposing such a motion.


DATED:        DECEMBER 16, 2013


SO ORDERED: Dated 4/17/14

_____
WILLIAM H. PAULEY III
U.S.D.J.

Nancy S. Marks (NM 3348)
Albert Y. Huang
Mitchell S. Bernard (MB 5823)
Natural Resources Defense Council
40 West 20th Street
New York, New York 10011
Tel:    (212) 727-2700
Fax:    (212) 727-1773
nmarks@nrdc.org
ahuang@nrdc.org
mbernard@nrdc.org


_____
NANCY S. MARKS
Counsel for all Plaintiffs

15

Henry A. Freedman, Esq.
National Center for Law & Economic
Justice, Inc.
Marc Cohan, Of Counsel (MC 2612)
Petra T. Tasheff, Of Counsel (PT 8762)
Jenny R. Pelaez, of Counsel,
275 Seventh Avenue, Suite 1506
New York, New York 10001-6708
Phone: (212) 633-6967
Fax: (212) 633-6371
cohan@nclej.org
tasheff@nclej.org
Peleaz@nclej.org

By:

_PETRA T. TASHEFF_
PETRA T. TASHEFF

Counsel for Individual and Class Plaintiffs


KELLY D. MACNEAL
Acting General Counsel
New York City Housing Authority
Attorney for Respondent NYCHA
250 Broadway, 9th Floor
New York, NY 10007
Tel:   (212) 776-5152
Fax:   (212) 776-5401

By:_____
STEVEN J. RAPPAPORT


So Ordered:


_____
UNITED STATES DISTRICT JUDGE


16