UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

MARIBEL BAEZ; FELIPA CRUZ; RD., ON BEHALF OF   :
HER MINOR CHILD, A.S.; on their own behalf and   :
on behalf of all others similarly situated;   :
UPPER MANHATTAN TOGETHER, INC.; and   :
SOUTH BRONX CHURCHES SPONSORING   :
COMMITTEE, INC.,   :
  :
                      Plaintiffs,   :
  :   13 Civ. 8916 (WHP)
      vs.   :
  :
NEW YORK CITY HOUSING AUTHORITY,   :
  :
                Defendant.   :
  :

-----------------------------------------------------------------------x

## DECLARATION OF GREG BASS IN SUPPORT OF
## PLAINTIFFS' MOTION TO ENFORCE STIPULATION AND ORDER

I, GREG BASS, declare under penalty of perjury that the following is true and correct:

1.     I am a member of the bar of the State of Connecticut and am admitted to the United States District Court for the Southern District of New York. I am a Senior Attorney of the National Center for Law and Economic Justice ("NCLEJ"), which was appointed as class counsel along with the Natural Resources Defense Council ("NRDC") in the above-captioned matter in February 2014. As one of Plaintiffs' counsel of record in this matter, I am fully familiar with the facts and proceedings in this case. I submit this declaration in support of Plaintiffs' Motion to Enforce the Stipulation and Order entered on April 17, 2014 ("Order").

2.     A true and correct copy of the Complaint in this case filed against the New York City Housing Authority ("NYCHA") on December 17, 2013, is annexed hereto as Exhibit 1. The

Complaint references the NYCHA Tenant Handbook. It is my understanding that the parties entered into a Stipulation of Settlement at or around the time the Complaint was filed.

3.      The Plaintiffs filed a motion to certify a class on December 18, 2013, followed by a proposed Stipulation of Settlement on December 20, 2013. The Court granted the motion for class certification and appointed NCLEJ and NRDC as class counsel on February 11, 2014. The Court then held a fairness hearing on March 27, 2014, and ultimately entered an Order on April 8, 2014 finding that the proposed settlement was fair, reasonable, and adequate in accordance with Federal Rule of Civil Procedure 23(e)(2). A true and correct copy of the Order, dated April 8, 2014, is annexed hereto as Exhibit 2.

4.      A true and correct copy of the transcript of the fairness hearing held before this Court on March 27, 2014 is annexed hereto as Exhibit 3.

5.      On April 17, 2014, the Court so-ordered the Stipulation of Settlement to which the Plaintiffs and NYCHA had previously agreed (hereinafter "the Order"). A true and correct copy of the Order, with Exhibits A through G appended, is annexed hereto as Exhibit 4.

6.      A true and correct copy of a letter from me to Steven Rappaport, counsel to NYCHA, dated April 22, 2014, is annexed hereto as Exhibit 5. In this letter, I asked NYCHA to confirm, among other things, that it had commenced mold and moisture remediation, modification and distribution of its written policies and forms, and staff training, as required under the Order.

7.      A true and correct copy of a letter from me to Mr. Rappaport, dated May 6, 2014, is annexed hereto as Exhibit 6. In this letter, I asked NYCHA to perform all necessary remediation work in the apartments of the individual named Plaintiffs as well as in the apartments of two additional NYCHA tenants, and I attached a progress report detailing the

2

problems in these tenants' apartments. For confidentiality, the names of minors and tenants who were not named Plaintiffs have been changed to initials and all apartment numbers have been redacted in this copy of the May 6, 2014 letter and progress report.

8.      On July 28, 2014, Plaintiffs' counsel Nancy Marks, Albert Huang, and Sara Imperiale, and I met with Mr. Rappaport, Mr. Luis Ponce, Ms. Barbara Turkewitz, and other NYCHA staff to discuss the Order. At this meeting, counsel for NYCHA explained that NYCHA's practice was to open a "parent" work order for NYCHA's initial inspection for mold/moisture, and then to close the parent order and open sequential "child" work orders for the skilled trades required to remediate the mold/moisture, with each work order starting the clock running anew, such that remediation for any given apartment will typically take much longer than seven or fifteen days overall. This differed from NYCHA's prior communications and Plaintiffs' understanding of the Order, which was that parent work orders would remain open while child work orders were in place, and that the seven and fifteen day deadlines were addressed to the parent work orders. At the meeting, NYCHA informed us that they had changed that practice. Plaintiffs' counsel stated that, under the Order, NYCHA is obligated to complete all mold and moisture remediation within seven or fifteen days, as appropriate, per apartment, at a 95% average rate per quarter.

9.      A true and correct copy of a letter from me to Mr. Rappaport, dated August 1, 2014, is annexed hereto as Exhibit 7. In this letter, I memorialized the parties' disagreement at the July 28, 2014 meeting regarding the interpretation of the Order.

10.      True and correct copies of an email from Mr. Rappaport to me, dated August 6, 2014, and an attached letter, are annexed hereto as Exhibit 8. In his email, Mr. Rappaport reiterated NYCHA's interpretation of the Order. In his letter, Mr. Rappaport provided an update

on the status of the repairs in the apartments of the individual named Plaintiffs and other tenants who had appeared at the March 27, 2014 hearing.

11.     A true and correct copy of a letter from me to Mr. Rappaport, dated September 23, 2014, is annexed hereto as Exhibit 9.  In this letter, I notified NYCHA that it was in violation of the Order due to its failure to provide the mandated reporting from the first quarter that had ended on July 31, 2014.

12.     A true and correct copy of a letter from me to Mr. Rappaport, dated October 10, 2014, is annexed hereto as Exhibit 10.   In this letter, I provided notice to NYCHA of its opportunity to cure its erroneous interpretation of the Order's deadlines for completion of repairs.

13.     On November 24, 2014, Plaintiffs' counsel Marc Cohan, Albert Huang, Nancy Marks, Sara Imperiale and I met in person with Donna Murphy, who had replaced Mr. Rappaport as counsel in this action, and NYCHA staff members regarding compliance with the Order.  At that meeting, Plaintiffs' counsel explained again that Plaintiffs' position is that the Order mandates NYCHA to complete all mold and moisture remediation on seven and fifteen-day work repairs, at a 95% average rate per quarter, within a total of seven or fifteen days from start to finish per apartment.  Ms. Murphy reiterated that NYCHA's position is that NYCHA need only meet the seven or fifteen-day repair deadlines with respect to each individual work order such that the actual completion of mold and moisture remediation for any given apartment will typically take much longer than seven or fifteen days overall.

14.     On December 5, 2014, I wrote a letter to Ms. Murphy confirming the Plaintiffs' understanding of the discussion that occurred on November 24, 2014.  A true and correct copy of this letter is annexed hereto as Exhibit 11.  I noted in this letter that if NYCHA would propose a

4

resolution to the dispute that would obviate the need for judicial intervention, the Plaintiffs would consider such a proposal.  NYCHA did not respond to the December 5, 2014 letter.

15.     A true and correct copy of a letter from me to Ms. Murphy, dated January 14, 2015, is annexed hereto as Exhibit 12.  In this letter, I notified NYCHA again of its opportunity to cure its violations of the Order, which included its erroneous interpretation of the Order's deadlines for completion of repairs and failure to timely provide the mandated reports.

16.     A true and correct copy of a letter from Ms. Murphy to me, dated February 19, 2015, is annexed hereto as Exhibit 13.  In this letter, NYCHA adhered to its position regarding its interpretation of the deadlines in the Order but offered to process all parent work orders in an average of no more than seven days, leaving NYCHA free to process all of the child work orders related to that parent work order in an average of fifteen days each.

17.     A true and correct copy of my letter to Ms. Murphy, dated March 6, 2015, is annexed hereto as Exhibit 14.  In this letter, I explained, among other things, that NYCHA's proposal to reduce the time required for parent work orders from fifteen to seven days was inadequate because NYCHA would still be counting parent and child work orders separately, and each child work order would still have a deadline of fifteen days.


Executed this 22nd day of April, 2015, in New York, New York.


_____/s/ Greg Bass_____
Greg Bass