UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MARIBEL BAEZ; FELIPA CRUZ; RD., ON BEHALF OF  :
HER MINOR CHILD, A.S.; on their own behalf and  :
on behalf of all others similarly situated;  :
UPPER MANHATTAN TOGETHER, INC.; and  :
SOUTH BRONX CHURCHES SPONSORING  :
COMMITTEE, INC.,  :
 :
                     Plaintiffs,  :
 :  13 Civ. 8916 (WHP)
    vs.  :
 :
NEW YORK CITY HOUSING AUTHORITY,  :
 :
                     Defendant.  :
 :
------------------------------------------------------------------------x

**DECLARATION OF NANCY S. MARKS IN SUPPORT OF
PLAINTIFFS' MOTION TO ENFORCE STIPULATION AND ORDER**

      I, NANCY S. MARKS, declare under penalty of perjury that the following is true and correct:

      1.    I am a member of the bar of the State of New York and am admitted to the United States District Court for the Southern District of New York. I am a Senior Attorney at the Natural Resources Defense Council ("NRDC"), which was appointed as class counsel along with the National Center for Law and Economic Justice ("NCLEJ") in the above-captioned matter in February 2014. As one of Plaintiffs' counsel of record in this matter, I am fully familiar with the facts and proceedings in this case. I submit this declaration in support of Plaintiffs' Motion to Enforce the Stipulation and Order entered on April 17, 2014 ("Order").

2. Starting in June 2013, I participated in nearly all of the meetings and phone calls with NYCHA and its counsel during which the parties negotiated the terms of the settlement in this case.

3. One of the issues that came up more than once in discussions among the parties was NYCHA's treatment of repairs that might require more than one skilled trade to complete. NYCHA informed Plaintiffs' counsel that its practice in such instances was to open an initiating, overarching "parent" work order to govern the repair, which might then involve subsidiary "child" work orders to complete the repair. At one meeting, I specifically asked NYCHA whether parent work orders remained open until all of the associated child work orders were complete. One of NYCHA's operations staff—either Brian Clarke or Luis Ponce—answered that NYCHA did keep the parent work order open until all the child work orders were completed.

4. Attached as Exhibit 1 to this declaration is an email from Steven Rappaport to me and my colleague Albert Huang, also a Senior Attorney at NRDC, offered to demonstrate NYCHA's position on the seven and fifteen-day repair deadlines included in the Order.

5. Consistent with this understanding, the settlement between the parties prescribes timelines based on the amount of time it takes to complete repairs associated with an initiating work order. For example, paragraph 6 of the Order provides that, following the completion of a work order, NYCHA will attempt to contact residents to determine whether "all of the work identified in the Work Order was completed, and the mold and excessive moisture problems and their underlying causes have been effectively addressed." This provision would make no sense if NYCHA were required to contact residents following each separate component of a repair that

2

might involve an indeterminate number of subsidiary work orders to complete (e.g., pipe repair, mold removal, plastering, painting).

6. On July 28, 2014, Plaintiffs' counsel—Albert Huang, Sara Imperiale, Greg Bass, and I—met with Mr. Steven Rappaport (NYCHA's counsel at the time), Mr. Luis Ponce, Ms. Barbara Turkewitz, and other NYCHA staff to discuss the Order. At this meeting, counsel for NYCHA stated to Plaintiffs' counsel for the first time that NYCHA's practice in situations involving parent and child work orders was to close the parent work order before it opened the next sequential child work order, and to close each of those child work orders before the next one was opened. According to NYCHA, each time it opened one of these work orders, the clock started anew, such that remediation for any given apartment will typically take much longer than the seven or fifteen days overall prescribed in the Order. This statement differed from NYCHA's prior communications and Plaintiffs' understanding that parent work orders would remain open until completion of all child work orders, and that the seven and fifteen-day deadlines pertained to the parent work orders. At that meeting, Mr. Ponce informed us that NYCHA had previously treated parent and child work orders in a manner consistent with the understanding of Plaintiffs' counsel, but that NYCHA had changed that practice before the parties had begun negotiating the settlement. I was shocked to hear that NYCHA had adopted this practice and was interpreting the Order to permit it to reset its deadlines for every child work order involved in a single mold or moisture-related repair.

Executed this 22nd day of April, 2015, in New York, New York.

```
              /s/ Nancy S. Marks
            Nancy S. Marks
```

3