UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MARIBEL BAEZ; FELIPA CRUZ; RD., ON BEHALF OF :
HER MINOR CHILD, A.S.; on their own behalf and :
on behalf of all others similarly situated; :
UPPER MANHATTAN TOGETHER, INC.; and :
SOUTH BRONX CHURCHES SPONSORING :
COMMITTEE, INC., :
                                                         Plaintiffs, :
                                                                 : 13 Civ. 8916 (WHP)
    vs. :
NEW YORK CITY HOUSING AUTHORITY, :
                                                        Defendant. :
------------------------------------------------------------------------x

## SUPPLEMENTAL DECLARATION OF STEVEN M. EDWARDS

I, STEVEN M. EDWARDS, declare under penalty of perjury that the following is true and correct:

      1.     I am a member of the bar of the State of New York and am admitted to the United States District Court for the Southern District of New York. I am a partner in Hogan Lovells US LLP ("Hogan Lovells"), co-counsel to the National Center for Law and Economic Justice ("NCLEJ") and the Natural Resources Defense Council ("NRDC") in the above-captioned matter. I am fully familiar with the facts and proceedings in this case. I submit this declaration in further support of Plaintiffs' Motion to Enforce or Modify the Stipulation and Order, entered by this Court on April 17, 2014 ("Order"), for Appointment of a Master and for Contempt, and in reply to the opposition memorandum filed by Defendant New York City Housing Authority ("NYCHA") on June 12, 2015 ("Def. Br.").

1

2. Annexed as Exhibit 1 is a true and correct copy of Plaintiffs' March 6, 2015, letter to the Court requesting a pre-motion conference.

3. Annexed as Exhibit 2 is a true and correct copy of the transcript of the pre-motion conference held before this Court on April 2, 2015.

4. Under Paragraph 10(a) of the Order, NYCHA is required to provide to Plaintiffs a quarterly report that "identifies the percentage of work orders concerning mold or uncontrolled moisture or both requiring action within seven (7) days, action within fifteen (15) days, or deferred for capital improvement work…. These data shall be further broken down by (i) housing property; (ii) problem code and failure class; (iii) whether the work order is a seven (7) day, fifteen (15) day, or deferred for capital improvement work order…." Order ¶ 10(a). The quarterly reports attached to my Declaration of April 22, 2015, as Exhibits 1, 2 and 3, do not identify any work orders that have been deferred for capital improvement projects.

5. With the assistance of my associates, I have calculated the average number of days to complete repairs when (a) parent-child work orders are paired, (b) when work orders where NYCHA did not perform any work are removed and (c) when the 5% worst work orders in terms of days to repair are removed from the analysis. That analysis shows that the average days to complete for 95% of work orders in the first quarter is 7.6 days, and the average days to complete for 95% of work orders in the third quarter is 9.5 days. This calculation could not be completed for the second quarter, because the second quarterly report omits the "Immediate Parent" information that allowed me to tie parent and child work orders.

June 26, 2015                                        /s/ *Steven Edwards*
Date                                                 Steven M. Edwards