UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MARIBEL BAEZ; FELIPA CRUZ; R.D., ON BEHALF
OF HER MINOR CHILD, A.S.; on their own behalf
and on behalf of all others similarly situated;
UPPER MANHATTAN TOGETHER, INC.; and          Civ. No. 13-8916 (WHP)
SOUTH BRONX CHURCHES SPONSORING
COMMITTEE, INC.,
                                             SUPPLEMENTAL
                                             DECLARATION OF LUIS PONCE
                    Plaintiffs,              IN OPPOSITION TO PLAINTIFFS'
                                             MOTION TO HOLD NYCHA IN
       v.                                    CONTEMPT FOR VIOLATION OF
                                             THE STIPULATION AND ORDER
NEW YORK CITY HOUSING AUTHORITY,

                    Defendant.
------------------------------------------------------------------------x

      LUIS PONCE, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct:

      1.    I am employed by defendant New York City Housing Authority ("NYCHA") in the position of Senior Vice President of Operations Support Services. I make this supplemental declaration in further opposition to plaintiffs' motion for an order holding NYCHA in contempt for violation of the Stipulation and Order in the above-captioned matter based on personal knowledge and the books and records of NYCHA.

**Alleged Recurrence in Apartment of Plaintiff Maribel Baez**

      2.    I understand that plaintiffs' counsel reported at the July 10, 2015 hearing that there had been a recurrence of an excessive moisture condition in plaintiff Maribel Baez's apartment. Ms. Baez had not made any report to NYCHA of such a recurrence. Nevertheless, on July 21, 2015 NYCHA inspected the apartment and found no recurrence. In an August 13, 2015 email to NYCHA regarding Ms. Baez, Michael Stanley acknowledged that Ms. Baez had not made any report of a recurrence to NYCHA and that the bathroom in her apartment is "much

1

better", and stated that at the July 10th hearing Ms. Baez only indicated that a problem "might be starting." A copy of the August 13, 2015 email from Mr. Stanley is attached as Exhibit A.

**Analysis of the Allegations in Exhibits 1 and 2 of the Stanley Declaration**

3. On August 11, 2015, plaintiffs produced unredacted copies of Exhibits 1 and 2 to the Declaration of Michael Stanley, dated April 22, 2015 ("Stanley declaration"). These exhibits contain allegations as to unresolved repairs in public housing developments.

4. To place the allegations in the exhibits to the Stanley declaration in perspective, NYCHA has 177,666 apartments in its developments as of March 1, 2015. The Stanley exhibits at issue contain 417 entries regarding 205 accounts, including 4 accounts which were public spaces and not an apartment; these 201 accounts related to an apartment amount to 0.1% of NYCHA's apartments.

5. The allegations as to 72 of the 205 accounts did not concern mold or excessive moisture at all and, in many cases, involved alleged conditions prior to the commencement of the stipulation period.

6. Nevertheless, in order to gain an accurate understanding of the issues related to the apartments, NYCHA attempted to contact each resident, even those whose complaint did not relate to mold on the Stanley exhibits. NYCHA successfully contacted 149 of the 201 residents. If the tenant responded affirmatively that there was presently mold in their apartment, a work order was created. Of the 149 residents contacted, 54 reported their apartment had mold.

7. NYCHA conducted an analysis of the mold-related work orders for each of the 201 apartments to determine whether mold was found in the apartment and whether it recurred. In analyzing the results of apartments, a recurrence was defined as two or more mold-related occurrences for the same room after April 2014. For purposes of this report, NYCHA counted an

open work order as a recurrence even though it may subsequently be determined to be unfounded. NYCHA found that 78 accounts had no mold after April 2014; 68 accounts had mold in a location once after April 2014; and 59 accounts had more than one occurrence of mold in the same location after April 2014.

8. Attached as Exhibit B is a spreadsheet of the 78 accounts which had no mold after April 2014.

9. Attached as Exhibit C is a spreadsheet of the 68 accounts which had mold in a location once after April 2014. Among the root causes identified for the occurrences were leaks from above (5), vent blocked or covered (3), roof fan out of order (2), vent clogged (15), resident related (4), and window not opening (3), with two accounts having more than one cause identified. NYCHA is addressing each of the root causes not attributable to the resident.

10. Attached as Exhibit D is a spreadsheet of the 59 accounts which had more than one occurrence of mold in the same location after April 2014. Among the root causes identified for the occurrences were a leak from the roof (1), leaks from above (17), vent blocked or covered (12), door with insufficient clearance (3), leak around windows (1), leak from brickwork (3), roof fan out of order (7), vent clogged (54), resident related (31), and a window not opening (29). NYCHA is addressing each of the root causes not attributable to the resident.

Dated: New York, New York
September 23, 2015

_____
Luis Ponce

3