UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MARIBEL BAEZ; FELIPA CRUZ; RD., ON BEHALF OF :
HER MINOR CHILD, A.S.; on their own behalf and :
on behalf of all others similarly situated; :
UPPER MANHATTAN TOGETHER, INC.; and :
SOUTH BRONX CHURCHES SPONSORING :
COMMITTEE, INC., :
:
                       Plaintiffs, :
: 13 Civ. 8916 (WHP)
vs. :
:
NEW YORK CITY HOUSING AUTHORITY, :
:
                       Defendant. :
:
------------------------------------------------------------------------x

## SUPPLEMENTAL DECLARATION OF RAY LOPEZ IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE STIPULATION AND ORDER

I, RAY LOPEZ, declare under penalty of perjury that the following is true and correct:

1. I am the Director of the Environmental Health and Family Asthma Program at the Little Sisters of the Assumption Family Health Service ("LSA"), a non-profit organization serving New York City residents, particularly those in East Harlem. I submit this Supplemental Declaration in further support of the Plaintiffs' Motion to Enforce the Stipulation and Order entered on April 17, 2014.

2. As detailed in my prior declaration, dated April 22, 2015 (Doc. 39), I have training in the identification of mold and excessive moisture, including the use of moisture meters that read moisture levels inside of walls. I also have received comprehensive training on asthma by the New York City Department of Health. At LSA, I have trained other community

1

health workers in the identification of mold and excessive moisture and the health effects of mold and excessive moisture on individuals with asthma.  As part of my responsibilities as Director, I frequently conduct tenant visits myself and periodically shadow my co-workers when they make home visits.

### The NYCHA Inspection Reports

3. The New York City Housing Authority ("NYCHA") has provided Plaintiffs' counsel with over 200 Inspection Reports for approximately 104 unique residences.  With the assistance of counsel, I have reviewed these Inspection Reports and, when included, the accompanying photographs.  Attached as Exhibits 1–15 to this supplemental declaration are Inspection Reports created by NYCHA for fifteen unique residences in August and September of 2015.

4. It appears that, generally, when a NYCHA worker deemed a complaint to be "unfounded," the worker included photographs of the "unfounded" conditions.  Photographs were generally not included when a NYCHA worker deemed the mold or excessive moisture condition to be present.  *Compare, e.g.*, Ex. 1, Inspection Report of L.M. *with* Ex. 2, Inspection Report of H.R.

5. During my review of the Inspection Reports, I noted that NYCHA included the exact same "unfounded" photograph in the Inspection Reports from four different apartments.  *See* Ex. 3, Inspection Report of S.F., at 5; Ex. 4, Inspection Report of K.N., at 5; Ex. 5, Inspection Report of L.P., at 5; and Ex. 6, Inspection Report of C.R., at 5.  Each photograph appears to depict the same corner of an interior wall and each photo was attached in the body of an e-mail sent on September 1, 2015 at 1:07 PM.  Based on my review, all four Inspection

2

Reports have the same photograph with the same e-mail time stamp, even though the reports come from four different apartments.

6. I also found that in at least four apartments where a NYCHA worker determined that the mold or excessive moisture condition was unfounded, discoloration consistent with visible mold can be seen in the photographs that NYCHA attached to its own Inspection Reports. *See* Ex. 7, Inspection Report of L.N., at 5–7, 13; Ex. 8, Inspection Report of C.P., at 5, 10; Ex. 9, Inspection Report of Y.B., at 7–8; and Ex. 10, Inspection Report of A.C., at 6.

7. I reviewed at least five Inspection Reports where a NYCHA worker classified the report as "unfounded," but where, based on my experience inspecting and detecting mold and excessive moisture, excessive moisture damage can be seen in the photographs.  *See* Ex. 11, Inspection Report of L.T., at 5, 10; Ex. 12, Inspection Report of C.M., at 17; Ex. 13, Inspection Report of J.R., at 10; Ex. 14, Inspection Report of J.O., at 5, 10; and Ex. 15, Inspection Report of K.S., at 5.

8. On September 29, 2015, an LSA employee, Sergio Galvez, visited the apartment of K.S. where NYCHA had recently determined that there was no mold or excessive moisture. *See* Ex. 15 at 1, 5.  I reviewed Mr. Galvez's notes and the photographs he took during his visit. Attached as Exhibit 16 to this supplemental declaration is an excerpt from LSA's tenant inspection notes and the accompanying photographs taken on September 29, 2015.  Mr. Galvez determined, based on a visual inspection, that mold appeared on the bathroom ceiling.  *See* Ex. 16 at 2–4.  Mr. Galvez also documented water damage, including cracking plaster, peeling paint, water stains, and bubbling.  These observations are consistent with the conditions that can be seen in the photograph NYCHA included in its Inspection Report. *Compare id. with* Ex. 15 at 5. Given that NYCHA reported that the complaint of mold and excessive moisture in K.S.'s

3

apartment was "unfounded," it seems to me that NYCHA's criteria for identifying mold or excessive moisture damage do not include bubbling and peeling paint, cracking plaster, discoloration, or staining.

9. During my review, I also noted that the Inspection Reports provided by NYCHA had fields that were often left blank, such as the "Select Craft for Follow-Up Work" field and the "To be Completed by the Resident" field. These fields appear to document follow-up work, if any, and ask about tenant satisfaction. The follow-up work field was often left blank even for inspections in which NYCHA "verified" a mold condition. *See, e.g.*, Ex. 13 at 7. NYCHA's documentation methods make it difficult to determine NYCHA's progress in assessing and treating mold and excessive moisture conditions.

10. Based on the documentation provided, I believe that NYCHA's Inspection Reports, including the photographs attached thereto, demonstrate that it is still failing to make effective repairs. Meanwhile, LSA's clients and other NYCHA residents continue to face recurring issues of mold and excessive moisture and live in conditions that exacerbate their asthma.

Dated this 7th day of October, 2015.

By: /s/ Ray Lopez
Ray Lopez