UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MARIBEL BAEZ; FELIPA CRUZ; RD., ON BEHALF OF      :
HER MINOR CHILD, A.S.; on their own behalf and    :
on behalf of all others similarly situated;       :
UPPER MANHATTAN TOGETHER, INC.; and               :
SOUTH BRONX CHURCHES SPONSORING                   :
COMMITTEE, INC.,                                  :
                                                  :
                      Plaintiffs,                  :
                                                  :   13 Civ. 8916 (WHP)
   vs.                                          :
                                                  :
NEW YORK CITY HOUSING AUTHORITY,                  :
                                                  :
                      Defendant.                   :
                                                  :
------------------------------------------------------------------------x

**PLAINTIFFS' PROPOSAL CONCERNING APPOINTMENT OF A SPECIAL MASTER**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

PROPOSAL ....................................................................................................................................2

    I.    Candidates For Special Master ...........................................................................2

    II.    The Proposed Order of Reference .......................................................................3

        A.    The Power to Hold an Informal Preliminary Conference ...........................4

        B.    The Power to Conduct Discovery ...............................................................5

        C.    The Power to Make Recommendations, Including Recommendations for Relief ..........................................................................6

        D.    The Power to Work with Outside Consultants, Experts, or Other Specialized Services ...........................................................................7

        E.    Costs and Fees ..............................................................................................8

        F.    The Term ......................................................................................................9

CONCLUSION ..............................................................................................................................10

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Bd. of Governors of Fed. Reserve Sys. v. Pharaon*,
   140 F.R.D. 642 (S.D.N.Y. 1991) ............................................................................................. 3

*E.E.O.C. v. Local 580, Int'l Ass'n of Bridge, Structural & Ornamental
   Ironworkers*, 669 F. Supp. 606 (S.D.N.Y. 1987), *aff'd sub nom. E.E.O.C. v
   Local 580, Int'l Ass'n of Bridge, Structural & Ornamental Ironworkers, Joint
   Apprentice-Journeyman Educ. Fund*, 925 F.2d 588 (2d Cir. 1991) ......................................... 8

*Rodriguez v. Pataki*,
   207 F. Supp. 2d 123 (S.D.N.Y. 2002) ................................................................................... 7, 8

*United States v. City of New York*,
   847 F. Supp. 2d 395 (E.D.N.Y. 2012) ..................................................................................... 8

**STATUTES**

Fed. R. Civ. P. 53 ................................................................................................................ *passim*

Plaintiffs submit this proposal concerning the appointment of a Special Master pursuant to the Order entered by the Court on December 15, 2015 ("Order").

## PRELIMINARY STATEMENT

On April 22, 2015, Plaintiffs moved to enforce the Stipulation and Order of Settlement approved by the Court on April 17, 2014 (the "Stipulation and Order"). By that motion, Plaintiffs sought, inter alia, the appointment of a Special Master to monitor and enforce compliance by the New York City Housing Authority ("NYCHA") with its obligations under the Stipulation and Order. On December 15, 2015, this Court found that NYCHA "has been out of compliance" with the Stipulation and Order "from the day it was entered." Order at 3. The Court further held that the appointment of a Special Master to enforce the Stipulation and Order was warranted because "[t]he failure to remediate mold and excessive moisture jeopardizes the health and public welfare of hundreds of thousands of New Yorkers." Order at 6. The Court then directed the parties to submit proposals concerning a Special Master by January 12, 2016. Order at 8.

Shortly after the Court issued its Order, Plaintiffs' counsel had a discussion with NYCHA's counsel suggesting that the parties exchange proposals with a view to arriving at a joint proposal for the Court. On December 18, 2015, Plaintiffs submitted two candidates to NYCHA for consideration as Special Master. On January 6, 2016, Plaintiffs submitted to NYCHA an additional candidate, as well as a proposed order of reference ("Proposed Order"). On January 11, 2016, NYCHA's counsel informed Plaintiffs' counsel that NYCHA would join in the Plaintiffs' recommendation of Christopher Prather as a candidate for Special Master and submit its own proposed order.

NYCHA made no attempt to discuss Plaintiffs' proposed order of reference prior to communicating with the Court. Rather, at 3:00 p.m. on January 12, 2015, NYCHA sent the

1

Court a letter outlining its position on an order of reference in general terms ("NYCHA Special Master Proposal"). A review of NYCHA's letter suggests that it is in general agreement with Plaintiffs on many issues, with the primary difference being that Plaintiffs' proposed order is more specific and has stronger enforcement mechanisms, as discussed more fully below.

## PROPOSAL

**I.   Candidates For Special Master**

Plaintiffs gave NYCHA the names of the following candidates for Special Master (in alphabetical order):

a. Daniel R. Alonso, Managing Director and General Counsel at Exiger (curriculum vitae attached as Exhibit 1);

b. Matthew E. Fishbein, Litigation Partner at Debevoise & Plimpton LLP (curriculum vitae attached as Exhibit 2); and

c. Christopher Prather, Managing Director at Exiger (curriculum vitae attached as Exhibit 3).

As noted above, NYCHA has agreed with Plaintiffs' recommendation of Mr. Prather as Special Master. Mr. Prather is an attorney formerly with the New York State Office of the Attorney General and has served as a monitor of New York City's post-Sandy Rapid Repairs Program, the New York City Housing Authority's Bond B program, and the New York Thruway Authority's design build procurement for the Tappan Zee Bridge. He also has experience in assisting companies in developing compliance programs and in conducting investigations.

Plaintiffs received, but did not solicit, curriculum vitae from other individuals requesting to be considered as candidates for Special Master. Plaintiffs understand that some of these individuals may also have contacted the Court directly regarding their candidacy. Plaintiffs express no preference regarding these other candidates.

## II.     The Proposed Order of Reference

Attached as Exhibit 4 is Plaintiffs' proposed order of reference, a similar draft of which Plaintiffs forwarded to NYCHA on January 6, 2016. As required by Rule 53 of the Federal Rules of Civil Procedure, the proposed order sets forth the Special Master's powers and duties. Fed. R. Civ. P. 53(b); *see Bd. of Governors of Fed. Reserve Sys. v. Pharaon*, 140 F.R.D. 642, 649 (S.D.N.Y. 1991) ("the special master's powers are delineated in an order of reference"). As further required by Rule 53, the proposed order of reference directs the Special Master "to proceed with all reasonable diligence," and states: the Special Master's investigation and enforcement duties; the circumstances in which the Special Master may communicate ex parte with the Court or parties; the nature of the materials to be preserved and filed as the record of the Special Master's activities; the time limits, method of filing the record, procedures, and standards for reviewing the Special Master's orders, findings, and recommendations; and the means by which the Special Master's compensation will be fixed. Fed. R. Civ. P. 53(b). The order also clearly identifies the topics of reports and recommendations to be issued by the Special Master. *See* 9C Arthur R. Miller, Federal Practice and Civil Procedure § 2602.2 (3d ed. 2008); *see also* Proposed Order ¶ 1.

Under Rule 53(c), a Special Master can be granted broad authority to regulate proceedings, take all appropriate measures to perform assigned duties fairly and efficiently, and exercise the power to compel, take, and record evidence in evidentiary hearings. Fed. R. Civ. P. 53(c)(1). Plaintiffs propose that the appointed Special Master be granted the power to determine why NYCHA is not complying with the Stipulation and Order and to suggest steps to ensure NYCHA's compliance. Proposed Order ¶ 2. Plaintiffs believe that is critical because NYCHA has not shown the capacity to identify the reasons for its failure to comply and to develop the

necessary corrective action. It would be up to the Special Master to conduct necessary inquiries and root out the causes of the deficiencies.

To carry out those responsibilities, the Proposed Order would give the Special Master the ability to meet with the parties to initiate a plan for investigating the relevant facts and providing reports and recommendations to the Court, as well as potential corrective action plans with benchmarks and timetables that can be agreed to by the parties at the outset. Proposed Order ¶ 3. The Special Master can also order document production and depositions, hold informal meetings as well as hearings, issue subpoenas to nonparties, and receive and review memoranda of fact and law. Proposed Order ¶ 4. In addition, the Special Master can make recommendations to the Court including, but not limited to, system-wide relief, relief to individual NYCHA tenants, monetary penalties, a finding of contempt, proposed orders requiring NYCHA to take or refrain from taking action, and an extension of the period during which the Stipulation and Order shall remain operative. Proposed Order ¶ 6. The Proposed Order also establishes a procedure for filing objections with the Court regarding investigative orders and recommendations of the Special Master, funding the functions performed by the Special Master, and recovering counsel fees, and it addresses the Special Master's term and his ability to obtain the assistance of others. Proposed Order ¶¶ 5, 7-10.

Each of these powers is discussed in more detail below.

    A.    <u>The Power to Hold an Informal Preliminary Conference</u>

The purpose of the preliminary conference is to allow the parties to meet and discuss the schedule of the Special Master's investigation as well as his reporting and recommendations to the Court. Plaintiffs' goal at this preliminary meeting is to set a firm schedule for the Special Master's work and NYCHA's corresponding responsibilities, given the public import of this case. This informal first meeting will also provide the parties with an opportunity to agree on

4

potential resolution for certain issues. NYCHA's letter does not address this provision, but Plaintiffs believe that the ability to hold a preliminary conference would be implicit in the Special Master's authority in any event.

### B. The Power to Conduct Discovery

In accordance with Rule 53(c), the Special Master should have broad discovery-related powers. Documents and electronically-stored information from NYCHA, and discovery from parties and nonparties through subpoena, hearings, deposition, and other testimony will provide evidence of NYCHA's existing practices as well as shed light on the key players able to effectuate change within NYCHA. Such broad investigative power will enable the Special Master to tailor his suggestions for relief to the Court. Without pinpointing the issues currently preventing NYCHA from complying with the Stipulation and Order, the Master will not be able to determine the most effective form of relief.

Plaintiffs should receive copies of all documents produced to the Special Master and have an opportunity to examine and depose all proffered witnesses so that Plaintiffs, as stakeholders, can also play a meaningful role in the fact-finding process.

As contemplated by Rule 53(f), the Special Master's investigative orders, where not objected to by either side, will become the order of the Court. Proposed Order ¶ 5. If either side objects to the Special Master's investigative orders, and the objection cannot be resolved by the Special Master, the objecting party may present its objection to the Court within 10 days after the Special Master determines that its investigative order is final. This objection period is shorter than the period permitted for reports and recommendations in paragraph 6 of the Proposed Order, but Plaintiffs believe that the shorter period is more appropriate for discovery-related issues. The Court has the authority to provide for a shorter period under Rule 53(f)(2).

NYCHA's letter envisions that the Special Master would have the authority to make factual inquiries, but it does not provide for Plaintiffs' participation in the process, and it would not give the Special Master the ability to issue discovery orders, hold hearings, or take testimony under oath. *See* NYCHA Special Master Proposal at 2. Plaintiffs believe that these more formal mechanisms will give Plaintiffs an opportunity to contribute and ensure that the Special Master is able to make a reliable assessment of the facts. While informal efforts to gather the facts are fine, the Special Master should have more formal mechanisms at his disposal in the event that the informal efforts are insufficient.

### C. The Power to Make Recommendations, Including Recommendations for Relief

The proposed order of reference envisions that the Special Master will be analyzing NYCHA from both a macro and micro perspective. At the macro level, the Special Master will examine larger systemic issues, such as NYCHA's budgeting strategy, the extent of mold and excessive moisture contamination throughout NYCHA developments, including root causes attributable to the need for capital improvements, and the efficacy of existing, projected, and recommended strategies and methods for mold and excessive moisture abatement that will prevent recurrence. At the micro level, the Special Master will examine individual tenant complaints. In this regard, the Special Master should be able to recommend both system-wide corrective action and relief to individual tenants. Proposed Order ¶ 6(a).

The Special Master should also be able to recommend that the Court find NYCHA in contempt, or assess penalties for noncompliance. Proposed Order at ¶ 6(b). *See also* Fed. R. Civ. P. 53(c)(2) (Special Master may "recommend a contempt sanction against a party"). In addition, the Special Master should be able to recommend injunctive relief, if he concludes it is necessary to ensure NYCHA's future compliance with the Stipulation and Order and any corrective action plans developed. Proposed Order ¶ 6(b).

Plaintiffs also request that the Court grant the Special Master the power to recommend an extension of the Stipulation and Order's operative period, which now expires on April 17, 2017. Proposed Order ¶ 6(c). This may be necessary inasmuch as the Court has found that NYCHA has been out of compliance with the Stipulation and Order since the day it was entered by the Court. Order at 3. The parties will have an opportunity to submit to the Court objections to any of the Special Master's reports or recommendations granting or denying relief. Proposed Order ¶ 6(d).

NYCHA agrees that the Special Master should have the authority to make recommendations, but it appears to resist the notion that the Special Master could recommend actual relief. *See* NYCHA Special Master Proposal at 2. Once the Special Master has determined the facts, it may be appropriate for the Special Master to recommend—and the Court to order—additional relief to ensure that NYCHA fully complies with the Stipulation and Order. In addition, to the extent that NYCHA suggests that any relief should be limited by "budgetary and other constraints," that is inappropriate. *See* NYCHA Special Master Proposal at 2. The Special Master should have the ability to make recommendations as to how NYCHA can overcome such constraints.

    D.    <u>The Power to Work with Outside Consultants, Experts, or Other Specialized Services</u>

The Special Master may require the assistance of outside consultants, experts, clerical staff, or other specialized services. Plaintiffs believe that the Special Master should be granted the authority to work with such outside services, which will assist the Special Master in efficiently conducting his investigation and recommendation work. Proposed Order ¶ 7. Courts have previously granted such accommodation. *See Rodriguez v. Pataki*, 207 F. Supp. 2d 123, 125 (S.D.N.Y. 2002).

7

E.     Costs and Fees

NYCHA should bear the cost of the Special Master's compensation and the costs of services retained by the Special Master, given that its non-compliance is the basis for the Special Master's involvement.  Proposed Order ¶ 8.  Under Rule 53(g), the Court can direct that the Special Master's compensation be paid by a party.  Fed. R. Civ. P. 53(g)(2)(A).  Moreover, courts have held that the party whose non-compliance gives rise to the Special Master appointment bears the cost of the Special Master.  *See United States v. City of New York*, 847 F. Supp. 2d 395, 407, 434–35 (E.D.N.Y. 2012) (City would bear the entire cost of four special masters because, "[u]nlike a referral for pre-trial issues, this is a referral where the City's liability has been established" and "[t]he City is wholly responsible for the situation that necessitates the referral to special masters" (citing Fed. R. Civ. P. 53(g)(3))); *E.E.O.C. v. Local 580, Int'l Ass'n of Bridge, Structural & Ornamental Ironworkers*, 669 F. Supp. 606, 624–25 (S.D.N.Y. 1987) ("Essentially, defendants claim they cannot afford the cost of an independent master. . . . [I]t is far too late for them to raise this argument; they should have thought about the cost of remedial action while they were blatantly ignoring the Consent Judgment for over nine years."), *aff'd sub nom. E.E.O.C. v Local 580, Int'l Ass'n of Bridge, Structural & Ornamental Ironworkers, Joint Apprentice-Journeyman Educ. Fund*, 925 F.2d 588 (2d Cir. 1991).  The costs of the services retained by the Special Master should also be borne by NYCHA.  Proposed Order ¶ 8.  *See Rodriguez*, 207 F. Supp. 2d at 125 (ordering that "[a]ll reasonable costs and expenses of the Special Master, including reasonable compensation to the Special Master, his law firm, and *any expert advisers and assistants he may retain*, shall, subject to approval by this Court, be paid by the State of New York" in action challenging the constitutionality of the apportionment of congressional districts of the State of New York) (emphasis supplied).

8

Finally, Plaintiffs believe that they should be allowed to make an application to the Special Master for recovery of their fees and expenses in connection with proceedings before the Special Master. Proposed Order ¶ 9. Plaintiffs can move for fees incurred from an enforcement action under the original Stipulation and Order. Stipulation and Order at ¶ 22. Since the Special Master proceedings are a continuation of the enforcement action, a procedure allowing for Plaintiffs to file a fee application following the Special Master proceedings should also be granted. Also, just as the costs of the Special Master should be borne by NYCHA, Plaintiffs would not incur fees for the Special Master proceedings but for NYCHA's failure to comply with the Stipulation and Order.

NYCHA agrees that it should be responsible for the Special Master's costs, but it takes the position that Plaintiffs should not be able to recover their fees and costs. *See* NYCHA Special Master Proposal at 2. Plaintiffs are presently able to do so under the Stipulation and Order. There is no reason why Plaintiffs should be in a worse position because NYCHA has failed to comply with the Stipulation and Order.

F.   The Term

Plaintiffs hope that the Special Master can complete his work in one year or less, but they recognize that it is difficult to predict how long the process will take. Investigating the facts could take a long time, depending on NYCHA's level of cooperation and the complexity of factors concerning causation and remedy, and there may be a need for the Special Master to monitor ongoing compliance after the Court has ordered relief. Indeed, the Court's Stipulation and Order had initially contemplated a three-year period of monitoring NYCHA's compliance with its terms. Stipulation and Order ¶ 13(a). Accordingly, Plaintiffs have included in the order of reference a provision permitting the extension of the Special Master's term upon a showing of good cause. Proposed Order ¶ 10.

In its letter, NYCHA agrees that the Special Master's term should be one year, but it is silent as to an extension. *See* NYCHA Special Master Proposal at 3. There is no reason to pre-judge that issue now. Parties are always free to request relief upon a showing of good cause.

## CONCLUSION

For the foregoing reasons, the Court should appoint Mr. Prather as Special Master and enter an order substantially in the form of the Plaintiffs' proposed order of reference.

Dated: New York, New York
January 12, 2016

| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | **NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE** | **NATURAL RESOURCES DEFENSE COUNCIL** |
|---|---|---|
|   */s/ Steven M. Edwards* |   */s/ Marc Cohan* |   */s/ Nancy S. Marks* |
| Steven M. Edwards | Marc Cohan | Nancy S. Marks |
| 51 Madison Avenue | Gregory Bass | Albert Y. Huang |
| 22nd Floor | 275 Seventh Avenue, Ste 1506 | 40 West 20th Street |
| New York, New York 10010 | New York, New York 10001 | New York, New York 10011 |
| Tel: (212) 849-7000 | Tel: (212) 633-6967 | Tel: (212) 727-2700 |

**HOGAN LOVELLS US LLP**
  */s/ Lisa J. Fried*
Lisa J. Fried
Pooja A. Boisture
Erin Marie Meyer
875 Third Avenue
New York, New York 10022
Tel: (212) 918-3000

*Attorneys for Plaintiffs*