STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MARIBEL BAEZ; FELIPA CRUZ; R.D., ON BEHALF OF :
HER MINOR CHILD, A.S.; on their own behalf and :
on behalf of all others similarly situated; :
UPPER MANHATTAN TOGETHER, INC.; and :
SOUTH BRONX CHURCHES SPONSORING :
COMMITTEE, INC., :
:
                Plaintiffs, :
: 13 Civ. 8916 (WHP)
  vs. :
:
NEW YORK CITY HOUSING AUTHORITY, :
:
                Defendant. :
:
------------------------------------------------------------------------x

**CORRECTED DECLARATION OF NANCY S. MARKS IN SUPPORT OF
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

    **Nancy S. Marks**, an attorney, subscribes as true under penalty of perjury, pursuant to 28 U.S.C. § 1746 as follows:

## INTRODUCTION

    1.   I am an attorney duly admitted to the bar of the State of New York and the United States District Court for the Southern District of New York.

    2.   I am a Senior Attorney at the Natural Resources Defense Council ("NRDC"), a national, not-for-profit environmental and public health organization representing the organizational plaintiffs Upper Manhattan Together, Inc. and South Bronx Churches Sponsoring Committee, Inc., ( "the Organizational Plaintiffs") and the plaintiff class (together, "Plaintiffs"). NRDC represents Plaintiffs along with the National Center for Law and Economic Justice ("NCLEJ")

- 1-

- 2-

and Hogan Lovells US LLP ("Hogan Lovells," together "Plaintiffs' Counsel"). I am fully familiar with the facts herein.

3. I make this declaration in support of Plaintiffs' Motion for Attorneys' Fees and Costs.

## I. **Work Performed by Plaintiffs' Counsel NRDC for Which Fees Are Sought**

4. In this declaration, I discuss the fee recovery sought for work undertaken by NRDC staff.

5. As early as April 2014, NRDC engaged in outreach and investigation to determine whether the defendant New York City Housing Authority ("NYCHA") was in compliance with the Stipulation and Order of Settlement ("Stipulation and Order") entered in this action on April 17, 2014.

6. Once Plaintiffs' Counsel, in collaboration with the class representatives and the Organizational Plaintiffs, determined that NYCHA was not remediating mold and excessive moisture per the terms of the Stipulation and Order for its tenants, including the named plaintiffs, NRDC began taking steps to secure compliance with the Stipulation and Order.

7. *First*, NRDC participated in meetings, calls, and in all other communications with NYCHA and the rest of Plaintiffs' Counsel as an authority on the settlement negotiations and mold and moisture remediation terms, including the seven- and fifteen-day time obligations, of the Stipulation and Order.

8. *Second*, NRDC contributed its environmental health expertise regarding the implications of tenants' mold and moisture exposure to the investigation and monitoring of NYCHA's compliance with the Stipulation and Order and to defending the purpose of the Stipulation and Order before this Court.

- 3-

9. *Third*, NRDC collaborated closely with community organizers Michael Stanley and Ray Lopez to prepare detailed tenant intake forms in English and Spanish to document the mold and moisture conditions in tenants' apartments, ensure document preservation, and plan strategy.

10. *Fourth*, NRDC prepared to return to this Court to challenge NYCHA's erroneous interpretation of the timeliness mandates of the Stipulation and Order and failure to remediate mold and excessive moisture per the terms of the Stipulation and Order.  This involved preparing and editing declarations, memoranda, briefs, and supplemental filings.

11. In November 2015, after Hogan Lovells offered its additional resources to support the enforcement of the Stipulation and Order, the firm took the lead role in preparing Plaintiffs' motion to enforce; its work is detailed in the Corrected Declaration of Steven Edwards in Support of Motion for Attorneys' Fees and Costs dated March 22, 2016.  NRDC continued to engage in outreach and strategic planning, review papers and memoranda of law, and serve as a point of contact for the Organizational Plaintiffs.

12. Albert Huang, Sara Imperiale, and I are the NRDC attorneys who work on this matter. We each have specialization in environmental justice litigation and performed a number of functions as Plaintiffs' Counsel in this enforcement action.

13. Al Huang is a Senior Attorney at NRDC specializing in environmental justice litigation. He is the Director of Environmental Justice and has led NRDC's environmental justice work for over ten years.  In his role as director, Mr. Huang litigates and advocates on behalf of low-income communities of color throughout the country who are fighting environmental hazards, utilizing a model that emphasizes community-based organizing and marshals NRDC's technical and legal expertise in environmental health.  Prior to joining NRDC, Mr. Huang worked as an attorney at the Environmental Health Coalition, a community-based environmental justice

organization in San Diego.  He graduated from Vermont Law School in 2001 with a joint juris doctor and a specialized master's degree in environmental law and policy.

14.  Mr. Huang participated in the settlement negotiations and therefore serves as the co-representative of NRDC in communications between the parties concerning disputed interpretations of the terms of the Stipulation and Order and NYCHA's performance of its mandates.  He has also made court appearances regarding Plaintiffs' motion to enforce and consults with co-counsel and the Organizational Plaintiffs regarding these matters.

15.  Sara Imperiale, a Legal Fellow specializing in environmental justice, graduated from Vermont Law School in 2013 with a joint juris doctor and a specialized master's degree in environmental law and policy.  With NRDC, she has litigated cases addressing exposure to toxic contaminants and air pollution in low-income communities of color and leads NRDC's environmental justice advocacy under Title VI of the Civil Rights Act of 1964.

16.  Ms. Imperiale served as the primary drafter of the tenant intake form and as the lead attorney ensuring appropriate document preservation practices among the named and Organizational Plaintiffs.  She has also developed a system for tracking mold and moisture complaints of the class members and has spoken with some of those tenants, relaying pertinent information to NRDC's community organizer partners Michael Stanley and Ray Lopez.

17.  I am a Senior Attorney on NRDC's litigation team and have over thirty years of experience litigating environmental health and justice matters, including cases to clean up toxic contaminants from urban communities, to ban pesticides, and to address mercury contamination in waterways.  Prior to joining NRDC in New York, I served in the environmental protection division of the Massachusetts Attorney General's office.  I graduated from Harvard Law School

in 1983, and also hold a B.A. in geology from Williams College and a M.S. in geology from Stanford University.

19. In addition to directly supervising Albert Huang and Sara Imperiale, I serve as the co-representative of NRDC in communications between the parties concerning the terms of the Stipulation and Order.  I also have made court appearances regarding the Plaintiffs' motion to enforce the Stipulation and Order and conducted associated factual and legal research, brief drafting and editing, and consultation with co-counsel and the Organizational Plaintiffs regarding these matters.

## II. Plaintiffs' Counsel NRDC's Fee Application

19. Attached as Exhibit 1 to this declaration is a copy of itemized time records for the attorneys employed by NRDC for whom recovery is sought.  The time records reflecting my work are accurate and reflect time which I personally spent on this case.  The work of Albert Huang and Sara Imperiale from my office is from the same time frame and was at all times under my direct supervision.

20. My colleagues and I prepare these time records contemporaneously.

21. Each attorney records all of his or her time on each matter on an Excel spreadsheet, which identifies the name of the case, the date, time per six-minute intervals, and a description of the work performed during the time recorded.  When it becomes necessary to submit time records regarding a specific case or matter, the data maintained for that specific matter is copied and entered into a separate Excel spreadsheet.

22. NRDC seeks $64,175 as total fees through December 15, 2015.  The fees were calculated based upon the number of hours of work each attorney performed, multiplied by his or her hourly rate.  NRDC requests hourly rates of $500.00 per hour for Mr. Huang, $325.00 per

hour for Ms. Imperiale, and $600.00 per hour for me.  The chart attached as Exhibit 2 to the Corrected Declaration of David Dunn in Support of Motion for Attorneys' Fees and Costs dated March 22, 2016, reflects the applicable hours and rates.

23.  The fees represent the time associated with: (a) extensive investigation and monitoring of defendant's compliance with the Stipulation and Order; (b) collaborating with the Organizational Plaintiffs in engaging and responding to members of the plaintiff class seeking compliance with the Stipulation and Order; and (c) preparing and litigating Plaintiffs' motion to enforce.

24.  The time Mr. Huang, Ms. Imperiale, and I spent on this case took away time that would have been spent on other civil rights and environmental health cases.

25.  I personally exercised billing judgment with regard to hours included in this motion for NRDC and eliminated hours for which recovery is inappropriate.  NRDC eliminated expenses associated with travel time and support staff, and reduced Albert Huang's hours for which NRDC seeks recovery by seventy percent.

26.  The rates sought are based on rates our co-counsel NCLEJ has recently secured as well as rates reflected in the case law in the Southern District of New York.


  Executed on    March 22, 2016
                 New York, New York

                                              /s/ *Nancy S. Marks*
                                              Nancy S. Marks