```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MARIBEL BAEZ; FELIPA CRUZ; R.D., ON BEHALF OF     :
HER MINOR CHILD, A.S.; on their own behalf and    :
on behalf of all others similarly situated;       :
UPPER MANHATTAN TOGETHER, INC.; and               :
SOUTH BRONX CHURCHES SPONSORING                   :
COMMITTEE, INC.,                                  :
                                                  :
                        Plaintiffs,               :
                                                  :         13 Civ. 8916 (WHP)
        vs.                                       :
                                                  :
NEW YORK CITY HOUSING AUTHORITY,                  :
                                                  :
                        Defendant.                :
                                                  :
------------------------------------------------------------------------x
```

### CORRECTED DECLARATION OF MARC COHAN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

**Marc Cohan**, an attorney, subscribes as true under penalty of perjury, pursuant to 28 U.S.C. § 1746 as follows:

### INTRODUCTION

1. I am an attorney duly admitted to the bars of the State of New York and the United States District Court for the Southern District of New York.

2. I am the Director of Litigation for the National Center for Law and Economic Justice ("NCLEJ"), one of the law offices representing the certified plaintiff class (the "Plaintiff Class") (together with the National Resource Defense Council ("NRDC") and later Hogan Lovells US LLP, "Plaintiffs' Counsel"). I am fully familiar with the facts herein.

3. I make this declaration in support of Plaintiffs' Motion for Attorneys' Fees and Costs.

## I. Work Performed by Plaintiffs' Counsel for Which Fees Are Sought

4. In this declaration, I discuss the work undertaken by NCLEJ staff and the fee recovery sought therefore. For a more detailed explanation of the work performed by Hogan Lovells and NRDC to secure relief in this matter, this Court is respectfully referred to the Corrected Declaration of Steven Edwards in Support of Motion for Attorneys' Fees and Costs dated March 22, 2016 ("Corrected Edwards Declaration") and the Corrected Declaration of Nancy Marks in Support of Motion for Attorneys' Fees and Costs dated March 22, 2016 ("Corrected Marks Declaration").

5. As early as May 2014, Plaintiffs' Counsel began investigating whether the New York City Housing Authority ("NYCHA") was complying with the Stipulation and Order of Settlement entered in this action on April 17, 2014 ("Stipulation and Order"). Plaintiffs' Counsel engaged in extensive outreach and investigation to ascertain NYCHA's compliance.

6. Once Plaintiffs' Counsel, working with the class representatives and the community organizer plaintiffs, determined that NYCHA was not fully remediating mold and excessive moisture for the named plaintiffs and for other tenants identified either through the list of individuals who testified at the fairness hearing or who contacted NCLEJ counsel, Plaintiffs' Counsel undertook several steps to secure compliance with the Stipulation and Order entered in this action.

7. *First*, Plaintiffs' Counsel wrote to NYCHA's counsel identifying the failure to comply and demanding corrective action.

8. *Second*, Plaintiffs' Counsel sought to identify those additional tenants for whom NYCHA was not complying with the Stipulation and Order. This involved interviews, outreach, and meetings with tenants, tenant groups, and tenant's representatives in a number

of different settings, including at community centers, service providers, and the offices of legal services lawyers.  Outreach also included meetings with attorneys and other legal advocates working with NYCHA tenants, to spread the word on the Stipulation and Order's requirements.

9.   The outreach was also a critical tool to ensuring that members of the Plaintiff Class fully understood their rights under the Stipulation and Order and understood the process pursuant to which they could seek remediation for mold or excessive moisture, or both, that exist in their apartments.

10.   *Third*, Plaintiffs' Counsel reached out to other actors, including governmental enforcement agencies, in an effort to apply pressure on NYCHA to secure its compliance with the Stipulation and Order.

11.   *Fourth*, upon being advised by NYCHA that it repudiated the meaning of the seven- and fifteen-day compliance obligations under the Stipulation and Order, Plaintiffs' Counsel prepared to return to this Court to challenge NYCHA's erroneous interpretation of the timeliness mandates of the Stipulation and Order.

12.   By fall of 2014, it became evident that the task of returning to Court to secure enforcement of the Stipulation and Order would likely necessitate the considerable skills and resources associated with some of our nation's largest and most respected commercial litigation firms.  I reached out to secure the assistance of such a firm, and Steve Edwards, then a partner at Hogan Lovells, answered the call.

13.   Once Hogan Lovells entered the case, it took the lead role in preparing for the enforcement motion and its work is detailed in the Corrected Edwards Declaration.  In short, Hogan Lovells made essential contributions to litigation of the motion to enforce. However, NCLEJ continued to engage in outreach, fact gathering, liaising with governmental enforcement

agencies, witness interviews, drafting papers and memoranda of law, and being a point of contact for members to the Plaintiff Class.

14. Mr. Greg Bass was the principal NCLEJ attorney assigned to work on this matter and is a Senior Attorney at NCLEJ. Mr. Bass has decades of experience working on public interest litigation and he holds particular expertise in disability rights. Prior to joining NCLEJ, Mr. Bass served as Litigation Director at Greater Hartford Legal Aid for more than sixteen years. He litigated, with help from NCLEJ staff, *Raymond v. Rowland*, a major class action under the Americans with Disabilities Act (ADA). Mr. Bass has also litigated a number of other individual and class actions in state and federal court across a range of legal areas, including Medicaid, housing, public benefits, consumer, employment, seniors, civil rights, and others. His legal career of thirty-three years has been devoted to serving as an attorney and managing attorney with legal services programs in Alabama, Washington, California, and Connecticut. He is a graduate of the American University Washington College of Law.

15. Mr. Bass performed a number of functions as Plaintiffs' counsel of record in this action. These have included court appearances regarding the Plaintiffs' motion to enforce the Stipulation and Order and associated legal research, primary brief drafting and editing, and consultation with co-counsel regarding these matters.

16. Mr. Bass has also served as primary drafter of correspondence and notices to opposing counsel regarding compliance with the Stipulation and Order, and participated in direct negotiations between the parties concerning disputed interpretations of the terms of the document and defendant's performance of its mandates.

- 5 -

17. Mr. Bass has spoken with hundreds of class members and has consulted with attorneys and other legal advocates, concerning rights accorded to NYCHA tenants under the Stipulation and Order.

18. Like Mr. Bass, because of my experience in public interest litigation, I was able to lend essential advice and guidance to the Hogan Lovells team. As noted above, I am the Director of Litigation at NCLEJ. I have held that position since 1996. Prior to that, I worked for nine years as Director of the Government Benefits Unit in South Brooklyn Legal Services and sixteen years in impact litigation in various legal services programs. I have served as lead counsel in many major welfare cases in New York City and have litigated many major public interest cases around the country in recent years. At national and regional conferences, I help train legal advocates around the country in policy advocacy, negotiations, and litigation, and I have also written numerous materials for advocates and co-authored articles for *Clearinghouse Review* and other publications. In 1996, I was recognized by the Bar of the City of New York as one of the Legal Services Lawyers of the Year, and in 2000, I was awarded the New York State Bar Association Denison Ray Award for extraordinary commitment and leadership. I am a graduate of Brooklyn Law School and Brooklyn College.

19. In addition to Mr. Bass, I attended court appearances regarding the Plaintiffs' motion to enforce of the Stipulation and Order. I also edited and commented on brief drafts, and provided general advice and assistance to the case team throughout the research and writing of the motion to enforce.

20. Additional work was provided by Ms. Tedde Tasheff, Ms. Leah Lotto, and Ms. Jenny Pelaez, but in the interest of billing judgment, we do not seek recovery for their time.

## II. Plaintiffs' Attorneys' Fee Application

21. Attached as Exhibit 1 to this declaration are copies of itemized time records for the attorneys in NCLEJ's employ for whom recovery is sought. The time records reflecting my work are accurate and reflect time which I personally spent on this case. The work of Mr. Bass from my office is from the same time frame and was at all times under my direct supervision.

22. My colleagues and I prepare these time records contemporaneously.

23. Each attorney records all of his or her time on each matter on an Excel spreadsheet, which identifies the date, the start and end times, the name of the case, and a description of the work performed during the time recorded. When it becomes necessary to submit time records regarding a specific case or matter, the data maintained for that specific matter is copied and entered into a separate Excel spreadsheet.

24. NCLEJ seeks $241,530.00 as total fees through December 15, 2015. The fees were calculated based upon the number of hours of work by me and Mr. Bass, multiplied by our requested hourly rate. The chart attached as Exhibit 2 to the Corrected Declaration of David Dunn in Support of Motion for Attorneys' Fees and Costs dated March 22, 2016, reflects the applicable rates and hours for each attorney and the total fees for each.

25. The fees represent the time associated with: (a) extensive monitoring of defendant's compliance; (b) invoking the dispute resolution provision in the Stipulation and Order; (c) preparing and litigating Plaintiffs' motion to enforce; (d) seeking informal relief for class members; and (e) engaging in outreach to and responding to members of the Plaintiff Class seeking compliance with the Stipulation and Order.

- 7 -

26. The time Mr. Bass and I spent on this case took away time that would have been spent on other civil rights and environmental health cases.

27. I personally exercised billing judgment with regard to hours included in this motion for NCLEJ and eliminated hours for which recovery is inappropriate and deleted fully the time of three lawyers. The records attached hereto as Exhibit 1 include some entries where the total time recorded appears blank for the entry. NCLEJ is not seeking fees for those entries.

28. The rates sought for me and Mr. Bass are based on rates this office has recently secured, as well as rates reflected in the case law in the Southern District of New York.

Executed on   March 22, 2016
                  New York, New York

                                                /s/ *Marc Cohan*
                                                Marc Cohan