UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------

MARIBEL BAEZ, *et al.*,

               Plaintiffs,

               -against-

NEW YORK CITY HOUSING
AUTHORITY,

               Defendant.

---------------------------------

13cv8916

<u>MEMORANDUM & ORDER</u>

WILLIAM H. PAULEY III, Senior United States District Judge:

       Four years ago, the New York City Housing Authority ("NYCHA") entered into a consent decree with a class of New York City public housing tenants suffering from asthma under which NYCHA promised to abate mold and excessive moisture in their apartments. The cornerstone of the parties' agreement was the completion of "simple" repairs within seven days and "complex" repairs within fifteen days. From the moment this Court approved the consent decree, NYCHA defaulted on its obligations. A year later, the plaintiffs moved to enforce the consent decree.

       In December 2015, this Court granted plaintiffs' motion to enforce the consent decree and appointed a special master. Over the next two years, the Special Master worked with the parties to address NYCHA's non-compliance and the high rates of reoccurrence of mold and excessive moisture. The Special Master apprised this Court of the parties' work on developing new mold protocols and implementing pilot programs.

       On April 6, 2018—eleven days before the consent decree was to expire—the Special Master filed a bare-bones letter attaching a proposed amended consent decree for this

Court's approval. Simultaneously, the parties offered statements to the press extolling the virtues of their proposal. Despite the fanfare surrounding the parties' announcement, this Court—having had an opportunity to review the parties' proposal—has concerns with its substance and the timing of its filing.

As a general matter, the proposed amended consent decree has the hallmarks of having been reached in haste. Although the new proposal ostensibly reflects over two years of work, the proposal appears to be nothing more than an agreement to agree or disagree at some undefined point in the future. For example, the time parameters for completing repairs are precisely the same as those that NYCHA failed to meet under the 2014 consent decree. While the amended consent decree contemplates the eventual revision (and possible re-revision) of those parameters as needed, the consent decree's treatment of these time parameters is amorphous and fertile ground for future disputes. This Court wonders why, after two years, workable time parameters have yet to be developed.

Additionally, the amended consent decree envisions the appointment—solely at the Special Master's discretion and without any judicial approval—of a to-be-determined ombudsperson, an independent mold analyst, and an independent data analyst, whose fees and expenses will be borne by NYCHA. Setting aside the question of why these individuals are necessary, the proposed consent decree saddles the to-be-determined ombudsperson with responsibility to investigate all complaints by NYCHA tenants regarding inadequate or untimely mold abatement efforts, and vests unbounded authority in the ombudsperson to issue orders that direct NYCHA to take action or that grant other relief—including the imposition of monetary fines. Such orders, otherwise punishable by contempt, would be appealable to this Court.

Because the amended consent decree in effect sets a quixotic end—i.e., the eradication of mold in NYCHA buildings within timeframes that NYCHA has not proven it can meet—this Court could be adjudicating appeals in perpetuity.

At its core, the amended consent decree smacks of a slapdash effort to present this Court with a temporary truce that allows Plaintiffs to claim a victory in name and NYCHA to maintain a façade of action without any definite obligations apart from the status quo.  In particular, this Court questions NYCHA's commitment to the proposals in the amended consent decree, especially in view of its apparent willingness to agree to anything without regard to whether it can comply.  The parties also announced this settlement the business day before NYCHA's chairperson resigned, and Mayor de Blasio only recently appointed an interim chair to replace her.  In this Court's view, NYCHA's new leadership should have an opportunity to review the viability of a proposal that could bind the agency indefinitely.

Accordingly, this Court will not schedule an approval hearing on the proposed amended consent decree at this time.  Instead, this Court directs the parties to confer and formulate a concrete and realistic plan that addresses the concerns expressed in this Memorandum & Order.  In the meantime, this Court will extend the term of the current consent decree and the appointment of the Special Master as set forth in the parties' stipulations.

Dated: April 16, 2018
     New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.