

**HERZFELD & RUBIN, P.C.**
ATTORNEYS AT LAW     125 BROAD STREET, NEW YORK, NY 10004   TEL 212 471-8500   FAX 212 344-3333   WWW.HERZFELD-RUBIN.COM

Miriam Skolnik, Esq.
Direct Line: (212) 471-8457
mskolnik@herzfeld-rubin.com

October 5, 2018

<u>VIA ECF AND EXPRESS MAIL</u>

Hon. William H. Pauley III
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

    Re:    <u>Maribel Baez, et al. v New York City Housing Authority</u>
            <u>Civil Action No. 13-cv-08916</u>

Dear Judge Pauley:

    We represent defendant New York City Housing Authority ("NYCHA") in the above-referenced matter. We write in response to the Court's request at the hearing held on September 26, 2018, and order dated September 27, 2018 (Dkt. No. 211) that the parties file letter memoranda addressing, *inter alia*, the applicability of Fed. R. Civ. P. 60(b) to the pending motion for approval of the proposed "Modified Amended Stipulation and Order of Settlement" (Dkt. No. 193-1).

    As a general rule, judicial approval of a class action settlement is considered a final judgment on the merits. *See, e.g., Toscano v. Conn. Gen. Life Ins. Co.*, 288 Fed. Appx. 36, 38 (3d Cir. 2008); *Langton v. Hogan*, 71 F.3d 930, 935 (1st Cir. 1995) ("[j]udicially approved settlement agreements are considered final judgments on the merits.") Here, however, the Stipulation and Order of Settlement so ordered by this Court specifically gives this Court continuing jurisdiction not only to enforce the Settlement but "for the purpose of modification." (Dkt. No. 22, ¶13a.). Presently before this Court is a motion for approval of precisely such a modification. As explained in the Plaintiffs' moving papers and at the hearing on September 26, 2018, that modification is intended to better effectuate the ultimate goal of the original settlement agreement, to remediate the mold conditions in NYCHA developments.

    As a modification of the original Stipulation of Settlement, it is NYCHA's position that this Court should review the "Modified Amended Stipulation and Order of Settlement" in accordance with the provisions of Fed. R. Civ. P. 23(e), specifically with a focus on the issue of whether the proposed modification will further the intent and goals of the original Stipulation of Settlement. As both Plaintiffs and NYCHA stated at the September 26 hearing, the parties

**HERZFELD &
RUBIN, P.C.**
ATTORNEYS AT LAW

Hon. William H. Pauley, III
October 5, 2018
Page 2

negotiated and adopted the proposed Modified Amended Settlement with the input of the Special Master and a mold expert. It includes, *inter alia*, a revised training protocol, renewed inspection and remediation protocols, the retention of a mold expert, a data analyst, and an Ombudsperson to ensure that the protocols are properly implemented.

In short, the Modified Consent Decree is fair—both substantively and procedurally—and furthers the goals of the original settlement. We recognize that both the Stipulation of Settlement and the proposed Modified Amended Stipulation and Order of Settlement have been repeatedly referred to as a "consent decree" and a "modified consent decree." Nevertheless, the document is, in fact, a class action settlement and should be evaluated as such. To this end, courts in this district have held that relief pursuant to Rule 60(b) is "particularly inappropriate where the relevant challenge is brought to a class action settlement". *Presidential Life Ins. Co. v. Milken*, 946 F. Supp. 267, 278 (S.D.N.Y. 1996) (collecting cases); *see Buxbaum v. Deutsche Bank AG*, 216 F.R.D. 72, 80 (S.D.N.Y. 2003).

In any event, even if the Court reviews the proposed "Modified Amended Stipulation of Settlement" pursuant to the standards set forth by the Supreme Court in *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367 (1992) and *United States v. United Shoe Machinery Corp.*, 391 U.S. 244 (1968), the Court should approve it. Implementation of the original Stipulation of Settlement did not achieve the desired results—the remediation of mold. As the Court recognized in *United Shoe*, that fact should trigger a change. The parties have agreed to the need for change and that has resulted in the detailed and exhaustive provisions contained in the proposed Modified Amended Stipulation of Settlement. Implementation of the education prong of the Modified Amended Stipulation of Settlement has already begun. Together with the newly developed protocols, and the input of the experts to be retained, it is expected that the Modified Amended Stipulation of Settlement will achieve everyone's desired goal—which, as stated above, is the remediation of mold.

In light of the foregoing, NYCHA believes that the Modified Amended Stipulation of Settlement satisfies the requirements set forth in Fed. R. Civ. P. 23(e) and Fed. R. Civ. P. 60(b). As such, NYCHA respectfully requests that the Court approve the Modified Amended Stipulation of Settlement.

Respectfully submitted,

HERZFELD & RUBIN, P.C.

/s/ *Miriam Skolnik*
Miriam Skolnik

MS:kl