| National Center for Law and Economic Justice | Natural Resources Defense Council | Quinn Emanuel Urquhart & Sullivan | Proskauer Rose LLP |
|---|---|---|---|
| 275 Seventh Avenue Suite 1506 New York, NY 10001-6708 (212) 633-6967 | 40 West 20th Street New York, NY 10011 (212) 727-2700 | 51 Madison Avenue New York, NY 10010 (212) 849-7000 | 11 Times Square New York, NY 10036 (212) 969-3000 |

October 5, 2018

Honorable William H. Pauley, III
United States District Court – Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 20B
New York, NY 10007-1312

Re:   *Baez, et al. v. New York City Housing Authority (NYCHA)*, No. 13-cv-8916 (WHP)

Dear Judge Pauley:

We write in response to the Court's instruction at the hearing on September 26, 2018, and the Court's Order dated September 27, 2018 (Dkt. #211), requesting that each party file a supplemental letter memorandum addressing the applicability of Fed. R. Civ. P. 60(b) and the U.S. Supreme Court cases *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367 (1992) and *United States v. United Shoe Machinery Corp.*, 391 U.S. 244 (1968) to their motion to approve the Revised Consent Decree.  Because no final judgment or order has been entered in this case, Plaintiffs believe the motion is governed by Fed. R. Civ. P. 23(e) and the inherent power of the Court to enforce its orders.  Nevertheless, even though Rule 60(b) is technically not applicable, the result would be the same if the parties had proceeded under Rule 60(b).

<u>The Motion is Governed by Rule 23(e) and the Inherent Power of the Court to Enforce Its Orders</u>

The Original Consent Decree (Dkt. #11) has no self-executing provision that provides for dismissal of the complaint or entry of a final judgment.  Rather, it states that the Court shall retain jurisdiction over the decree for a period of time unless Plaintiffs move for enforcement.  (Dkt. #11, ¶ 13.)  If Plaintiffs make a motion for enforcement, the Court retains jurisdiction to decide the motion and for such time as the Court deems necessary to give NYCHA time to comply.  *Id*.

Plaintiffs moved to enforce before the Original Consent Decree expired (Dkt. #35), and the Court granted relief (Dkt. #88) and appointed a Special Master (Dkt. #96).  The Court then extended the decree to April 17, 2018.  (Dkt. #143.)  On April 16, 2018, the Court extended its jurisdiction indefinitely pending further order of the Court.  (Dkt. #168.)

If NYCHA had complied with the Original Consent Decree and that decree had terminated in accordance with its terms, further steps would have been required to enter a final judgment.  It would have been necessary to prepare a "separate document" in accordance with Fed. R. Civ. P. 58(a), which the clerk would have needed to file in accordance with Fed. R. Civ. P. 79.  Since those steps were never taken – and indeed the Court continues to retain jurisdiction – there is no final judgment or order in the case.

Rule 60(b) provides for relief from a "final judgment, order or proceeding." *See* Rule 60 Advisory Committee Notes ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which rule 60(b) affords relief . . . ."). Since there is no final judgment, order or proceeding in this case, Rule 60(b) does not apply. Rather, the Court has "complete power . . . to afford such relief . . . as justice requires." *Id.*

*United Shoe* is the leading case on the power of the Court to deal with breaches of a consent decree. Without referring to Rule 60, the Supreme Court ruled that the district court had a duty "to extirpate practices that have caused or may hereafter cause monopolization, and to restore workable competition in the market . . . ." 391 U.S. at 251-52 (internal quotations omitted). Thus, if Plaintiffs had been required to move for relief from the harm caused by NYCHA's breaches, they would have been entitled to injunctive relief to achieve the purposes of the Original Consent Decree – the timely and effective remediation of mold and excessive moisture.

Rather than contesting Plaintiffs' proposal to seek relief, NYCHA agreed that such relief was necessary. Since that agreement resulted in a new consent decree that affected the interests of the class, it was proper for the parties to seek approval under Rule 23(e). Courts have recognized that "[i]t is entirely appropriate that the parties seek court approval of an amendment to their own settlement agreement" under Rule 23(e). *White v. Nat'l Football League*, 836 F. Supp. 1458, 1488 (D. Minn. 1993) (granting motion to amend settlement agreement under Rule 23); *see also Harris v. Reeves*, 761 F. Supp. 382, 394-402 (E.D. Pa. 1991) (approving class action settlement agreement under Rule 23(e) that revised and superseded earlier settlement agreement entered as a consent order). Because the Revised Consent Decree reflects an agreement, as opposed to a contested modification, Rule 23(e) provides the proper avenue for approving the Revised Consent Decree. *See, e.g.*, *Dillard v. Chilton Cty. Comm'n*, No. 2:87 Civ. 1179 (MHT), 2008 WL 912753, at *2 (M.D. Ala. Apr. 3, 2008) ("Because all parties to this action agree to the proposed modification of the consent decree, the standards this court must employ to determine whether the modification should be approved are governed by Fed. R. Civ. P. 23(e).").

The Result Would be the Same if the Parties Proceeded Under Rule 60(b)

While a number of the provisions in Rule 60(b) are potentially applicable, the ones that fit best are Rule 60(b)(5) (applying the decree prospectively is no longer equitable) or Rule 60(b)(6) (any other reason that justifies relief), which this Court has called "a grand reservoir of equitable power to do justice in a particular case." *Saleh v. United States*, No. 01 Civ. 169 (WJP), 2014 WL 3855022, at *2 (S.D.N.Y. July 31, 2014) (internal quotations and citation omitted).

In the first part of the twentieth century, efforts to seek relief from consent decrees were governed by *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932), where Justice Cardozo held that a consent decree could only be modified upon "a clear showing of grievous wrong evoked by new and unforeseen conditions . . . ." In *New York State Ass'n for Retarded Children, Inc. v. Carey*, 706 F.2d 956, 970 (2d Cir. 1983), Judge Friendly, relying on *United Shoe*, expressed the view that it is appropriate to apply a more flexible standard in reform litigation and held that "[a] revision is justified if the remedy is not working effectively or is unnecessarily burdensome." Then in *Rufo,* Justice White, relying on Judge Friendly's decision in *Carey*, held that a consent decree may be modified "when changed factual conditions make compliance with the decree substantially more onerous," "when a decree proves to be unworkable because of unforeseen obstacles," or "when enforcement of the decree without modification would be detrimental to the public interest." 502 U.S. at 384.

*Swift*, *Carey* and *Rufo* were all cases in which defendants sought modification or relief from decrees that they found too onerous to comply with. In *United States v. Secretary of Housing and Urban Development*, 239 F.3d 211 (2d Cir. 2001), the plaintiff sought modification of a consent decree because the defendant had not complied with it. Cautioning that "[c]hanges in consent decrees are not trivial matters even under the new standard," the Second Circuit affirmed Judge Sand's decision modifying the decree, finding that the defendant's breaches constituted "changed factual conditions," the prior decree was unworkable, and enforcement without modification was detrimental to the public interest. *Id.* at 217.

Were Rule 60 applicable here, Plaintiffs have undoubtedly satisfied the standards set forth in the cases by showing that there have been significant changes in factual conditions; that the Original Consent Decree has become unworkable; and that a continuation of that decree without modification would be detrimental to the public interest. When Plaintiffs entered into the Original Consent Decree, they did not foresee that its provisions would be inadequate and that NYCHA would breach its requirements in significant ways, as evidenced by the increase of reoccurrences from approximately 30% to almost 50% and the recent disclosure that it has, in at least one quarter, taken more than 35 days on average to complete 15-day repairs. (Dkt. #199 ¶¶ 7, 15.) Those breaches – as well as the problems Plaintiffs have discovered with respect to the inadequate procedures and protocols for remediating mold and excessive moisture, the failure to run roof fans, the problems with NYCHA's data and the inability of individual residents to obtain meaningful relief – are changed factual circumstances, and the Original Consent Decree is unworkable because it is not achieving its objective: the timely and effective remediation of mold and excessive moisture. Moreover, there can be no doubt that the intolerable conditions in NYCHA housing, which the Original Consent Decree has been unable to change, are detrimental to the public interest, particularly to the class members who have asthma. The Court should approve the Revised Consent Decree because the evidence supporting approval is "highly convincing," Plaintiffs have presented "extraordinary circumstances," and a failure to grant relief would work an "extreme hardship" on the class. *Saleh*, 2014 WL 3855022, at *2; *Donald v. Tyler Perry Co., Inc.*, No. 13 Civ. 1655 (WHP), 2015 WL 778034, at *1 (S.D.N.Y. Feb. 20, 2015); *Vatansever v. New York City*, No. 01 Civ. 11621 (WHP), 2005 WL 2396904, at *1 (S.D.N.Y. Sept. 28, 2005).

Perhaps the most compelling reason for approving the Revised Consent Decree under either Rule 23(e) or Rule 60(b) is that *the parties have agreed to it*. A consent decree is a "hybrid"; it has the characteristics of both a contract and a judicial decree. *See, e.g.*, *Berger v. Heckler*, 771 F.2d 1556, 1567 (2d Cir. 1985). Courts are often reluctant to modify the terms of consent decrees because it requires them to interfere with the parties' negotiated contract. That issue need not be of concern here because the parties have agreed to modify their contract. The parties to a contract always have the right to do that.

Respectfully submitted,

| /s/ Greg Bass | /s/ Nancy S. Marks | /s/ Steven M. Edwards | /s/ Erin Meyer |
|---|---|---|---|
| **Greg Bass** | **Nancy S. Marks** | **Steven M. Edwards** | **Erin Meyer** |
| **National Center for Law and Economic Justice** | **Natural Resources Defense Council** | **Quinn Emanuel Urquhart & Sullivan** | **Proskauer Rose LLP** |
| T: (212) 633-6967 | T: (212) 272-2700 | T: (212) 849-7262 | T: (212) 969-5064 |
| F: (212) 633-6371 | F: (415) 795-4799 | F: (212) 849-7100 | F: (212) 969-2900 |
| bass@nclej.org | nmarks@nrdc.org | stevenedwards@quinnemanuel.com | emeyer@proskauer.com |