

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

**MEMO ENDORSED**

<div style="border: 1px solid red;">
**Application granted.  The parties shall appear for a telephonic pre-motion conference on December 9, 2020 at 11 a.m.  The dial-in number is (888) 363-4749.  The access code is 3070580.**
</div>

November 27, 2020

The Honorable William H. Pauley III
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 20B
New York, NY 10007-1312

SO ORDERED:

Dated: December 7, 2020
New York, New York

*[signature]*
WILLIAM H. PAULEY III
U.S.D.J.

Re: *Baez et al. v. New York City Housing Authority (NYCHA)*, No. 13-cv-8916 (WHP)

Dear Judge Pauley:

Pursuant to Section III.A of the Court's Individual Practices, Plaintiffs write to request a pre-motion conference to discuss Plaintiffs' proposed motion to enforce the Revised Consent Decree so ordered on November 29, 2018 (the "Decree") and require NYCHA to comply with its obligations under the Decree in NYCHA developments that are managed as part of the Department of Housing and Urban Development's ("HUD") Rental Assistance Demonstration ("RAD") and Permanent Affordability Commitment Together ("PACT") programs, along with any additional relief this Court deems just and proper.

**I.     The Decree Applies to All NYCHA Buildings, Regardless of How They Are Managed.**

The Decree requires that NYCHA "effectively remediate mold and excessive moisture" and do so in accordance with certain time parameters.  It further provides for the oversight of an Independent Data Analyst ("IDA"), an Independent Mold Analyst ("IMA"), and an Ombudsperson.  *See, e.g.*, ECF No. 220, ¶¶ 2, 3, 14-27.  The Decree provides no mechanism for its termination as to some NYCHA buildings but not others.  Rather, it is clear it "shall remain in effect until such time as it is vacated by the Court."  *Id.* ¶ 28.

**II.    NYCHA Has Not Applied the Decree to RAD- and PACT-Managed Buildings, and Has Recently Taken the Position That it is Not Obligated To Do So.**

In or around September 2019, NYCHA informed Plaintiffs of its intention to transition approximately one-third of its housing stock to management under HUD's RAD program.[1] Under the RAD and PACT programs, NYCHA remains the owner of its housing stock but leases its buildings to private developers, who handle day-to-day operations.  HUD funding for RAD- and PACT-managed buildings is provided through Section 8 of the Housing Act of 1937 rather than Section 9 of that Act.  Over the next year, Plaintiffs repeatedly asked NYCHA to provide them with documents and information relating to such developments, including which developments were slated for transition and on what timeframe; whether the leases that NYCHA was negotiating informed the developers of NYCHA's continued obligations under *Baez*; and the

---

[1] Plaintiffs later learned that NYCHA is also moving NYCHA buildings into the PACT program.

**Proskauer»**

Honorable William H. Pauley III
November 27, 2020
Page 2

status of mold and excessive moisture remediation in those buildings. These requests were met with significant pushback and delay or no response at all.

In or around early May 2020, Plaintiffs asked for NYCHA to provide them with the lease agreements for developments scheduled to transition to RAD management. In a June 19, 2020 email, NYCHA's counsel provided Plaintiffs with two pages of the lease agreement for the Brooklyn bundle, which had already transitioned to RAD management. In her email, NYCHA's counsel stated both that (1) the lease "requires compliance with *Baez*" and (2) she "expect[ed] the same language to be included in the lease agreement for the [planned] Manhattan Bundle."

On October 13, 2020, NYCHA's counsel reversed course, sending a letter to Plaintiffs' counsel that stated NYCHA's position that "the Consent Decree applies only to NYCHA-operated housing developments receiving Section 9 subsidies," and "[b]ecause RAD buildings receive Section 8 subsidies exclusively, these properties fall outside the scope of the Consent Decree." This position is legally incorrect.[2]

On November 23, 2020, Plaintiffs learned that a bundle of NYCHA developments in Manhattan are slated to transition to RAD and/or PACT management on November 30, 2020. NYCHA had not informed Plaintiffs of this impending transition, but confirmed the plans on November 25, 2020 after an inquiry from Plaintiffs.

### III.   On Information and Belief, NYCHA's Position With Respect to the Applicability of the Decree to RAD- and PACT-Managed Buildings Has Harmed, and Will

---

[2] As an initial matter, NYCHA misinterprets the Decree. That document references Section 9 subsidies only once, in the definition of the term "NYCHA public housing developments." *See* ECF No. 220 ¶ 1(o). In turn, that defined term only appears twice in the entire Decree, in a section on NYCHA's obligations with respect to roof fan repair and replacement. *See id.* ¶¶ 11(a)-(b). New York law is clear that a contract "should be construed so as to give full meaning and effect to all of its provisions." *In re Motors Liquidation Co.*, 943 F.3d 125, 131 (2d Cir. 2019) (internal quotations omitted). To do so, the rest of the Decree must remain applicable to all NYCHA-owned housing, regardless of how it is funded. Any other interpretation would run counter to the definition of the class in this case, which covers "[c]urrent *and future* residents of NYCHA" who have certain conditions "in their *NYCHA housing*"—a more general term than the defined term at issue. ECF No. 220 p. 2 (emphases added).

Moreover, to the extent NYCHA was aware of its plan to transition one-third of its housing stock at the time it entered into the Decree, its insertion of the defined term into the Decree and failure to inform Plaintiffs of the planned transition represents a material omission that further renders its claim that the Decree applies only to Section 9 developments invalid. *See, e.g.*, *P.T. Bank Central Asia v. ABN AMRO Bank N.V.*, 301 A.D.2d 373, 378 (1st Dep't 2003) (describing special facts doctrine); Restatement of Contracts § 505 (unilateral mistake).

**Proskauer»**

Honorable William H. Pauley III
November 27, 2020
Page 3

**Continue to Harm, Tenants the Decree Is Meant to Protect.**

On information and belief, once NYCHA developments are transitioned to RAD- or PACT-management, NYCHA: (1) administratively closes all open mold and excessive moisture work orders in those buildings, regardless of whether any actual repairs were completed; (2) ceases to include such developments in its measurement of its compliance under the Decree's time parameters, such that NYCHA's Quarterly Reports do not accurately reflect the true state of its compliance with the terms of the Decree; (3) does not include such developments in the data provided to the IDA and IMA, such that they cannot oversee compliance in those developments; and (4) does not provide tenants in those buildings access to the Ombudsperson Call Center. On information and belief, NYCHA also ceases to perform required mold and excessive moisture repairs in buildings that it knows are slated to be transitioned to RAD- or PACT-management in the weeks and months prior to the transition. Each of these actions deprives tenants of the benefits of the Decree.

On October 26, 2020, Plaintiffs requested information as to the status of mold and excessive moisture compliance in RAD-managed buildings. NYCHA's counsel informed Plaintiffs on October 30 that such information would be contained in the November 16, 2020 Quarterly Report, but no such information was included. In an effort to further assess NYCHA's remediation efforts leading up to a RAD transition, Plaintiffs submitted a Request for Information to NYCHA on November 6, 2020, for "any and all mold and excessive moisture remediation data" for developments transitioned to RAD management "in the three-month period prior to" such transition. To date, Plaintiffs have not received the requested information.

**IV.    Plaintiffs Are Entitled to the Requested Relief.**

NYCHA cannot circumvent its obligations under the Decree by changing the structure by which NYCHA-owned buildings are managed. *See, e.g.*, *United States v. N.Y.C. Dist. Council of N.Y.C.*, 229 F. App'x 14, 18 (2d Cir. 2007) (finding that party's execution of collective bargaining agreements did not permit party "to circumvent the Consent Decree through a CBA"); *Patterson v. Newspaper & Mail Deliverers' Union of New York & Vicinity*, 791 F. Supp. 1015, 1021 (S.D.N.Y. 1992) (recognizing that consent decree empowered Administrator "to see to it that the obligations of the Consent Decree are not skirted via a phony sale of assets to a company that was neither a party defendant . . . nor a signatory to the Decree").

Given NYCHA's confirmation of its position that it does not believe the Decree applies to RAD- and PACT-managed buildings, NYCHA's failure to apply the Decree to such buildings thus far, and the imminent transition of certain additional NYCHA developments to RAD- and PACT-management, Plaintiffs intend to move this Court for an order compelling NYCHA to comply with its obligations under the Decree in NYCHA developments managed through the RAD and PACT programs, along with any additional relief the Court deems just and proper.

For the foregoing reasons, Plaintiffs respectfully request a pre-motion conference.

**Proskauer»**

Honorable William H. Pauley III
November 27, 2020
Page 4

Respectfully submitted,

| */s/ Gregory Bass* | */s/ Nancy S. Marks* | */s/ David Picon* |
|---|---|---|
| Gregory Bass | Nancy S. Marks | David A. Picon |
| National Center for Law and Economic Justice | Natural Resources Defense Council | Erin M. Meyer
Jennifer E. Tarr |
| 275 Seventh Avenue | 40 West 20th Street | Dominique Kilmartin |
| Suite 1506 | New York, NY 10011 | Proskauer Rose LLP |
| New York, NY 10001 | T: (212) 272-2700 | 11 Times Square |
| T: (212) 633-6967 | F: (415) 795-4799 | New York, NY 10036 |
| F: (212) 633-6371 | nmarks@nrdc.org | T: (212) 969-3974 |
| bass@nclej.org | | F: (212) 969-2900 |
| | | dpicon@proskauer.com |
| | | emeyer@proskauer.com |
| | | jtarr@proskauer.com |
| | | dkilmartin@proskauer.com |