UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIBEL BAEZ, *et al.*,

                Plaintiffs,

    -against-

NEW YORK CITY HOUSING AUTHORITY,

                Defendant.

Case No. 13 Civ. 8916 (WHP)

---

# DECLARATION OF ERIN M. MEYER IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE THE REVISED CONSENT DECREE

1. I, Erin M. Meyer, am an attorney with the law firm Proskauer Rose LLP, co-counsel for Plaintiffs in the above-captioned case. I am admitted as an attorney in the United States District Court for the Southern District of New York.

2. I respectfully submit this declaration in support of Plaintiffs' Motion to Enforce the Revised Consent Decree So Ordered by the Court on November 29, 2018. The purpose of this declaration is to place before the Court certain documents and information cited in Plaintiffs' accompanying Memorandum of Law in Support of Plaintiffs' Motion to Enforce the Revised Consent Decree.

3. The information contained in this declaration is based on my review of the relevant records in this matter, as well as my personal knowledge. If called upon as a witness, I could and would competently testify to the statements made herein.

4. Attached as **Exhibit A** is a true and correct copy of an excerpt from the transcript of the pre-motion conference before the Court on December 9, 2020 regarding Plaintiffs' Motion to Enforce the Revised Consent Decree.

5. In 2018, while the Parties were exchanging drafts of what would later become the Revised Consent Decree, NYCHA added the term "NYCHA public housing developments" into the Definitions Section of the Revised Consent Decree. In conjunction with the addition of this term into the Definitions Section, NYCHA added the term into one paragraph of the Revised Consent Decree outlining NYCHA's obligations with respect to roof fans. NYCHA also revised what would become Paragraph 7(f) to include the phrase "NYCHA's public housing developments."

6. Attached as **Exhibit B** is a true and correct copy of a press release dated November 19, 2018, which is posted on the official website of the City of New York.

7. Attached as **Exhibit C** is a true and correct copy of "Fact Check: Top 5 Myths about RAD (Rental Assistance Demonstration)," which is posted on the official website of the City of New York.

8. Attached as **Exhibit D** is a true and correct copy of an email dated September 6, 2019 from Alexander Volpicello, pro bono assistant at Proskauer Rose LLP, to Vlada Kenniff, NYCHA's then Senior Director of the Healthy Homes Unit. In his email, Mr. Volpicello sent minutes from a conference of the Parties with the former Special Master, Professor Francis McGovern, on September 3, 2019, during which NYCHA discussed conversions under the Rental Assistance Demonstration ("RAD") program.

9. Over the next year, Plaintiffs asked NYCHA repeatedly to provide them with documents and information relating to the RAD and Permanent Affordability Commitment

Together ("PACT") programs, including (1) which developments were slated for transition and on what timeframe; (2) whether the leases that NYCHA was negotiating informed the developers of NYCHA's continuing obligations under the Revised Consent Decree; and (3) the status of mold and excessive moisture remediation in those buildings after they were transitioned to RAD and PACT management.

10. Plaintiffs' requests were met with significant pushback and delay or no response at all. To date, NYCHA still has not provided Plaintiffs with most of the documents and information they requested.

11. In or around early May 2020, Plaintiffs asked NYCHA to provide them with the lease agreements for developments scheduled to transition to RAD management. NYCHA's outside counsel, Miriam Skolnik, responded to Plaintiffs' request in an email to me and other recipients on June 19, 2020. In her email, Ms. Skolnik attached two pages from the lease agreement for the "Brooklyn Bundle," a group of buildings that had already transitioned to RAD management, and stated: "[A]nnexed are excerpts from the lease agreement for the Brooklyn Bundle which requires compliance with Baez. We expect the same language to be included in the lease agreement for the Manhattan Bundle."

12. On October 13, 2020, NYCHA's outside counsel, Wendy Prince, sent an email to Ms. Tarr and other recipients, including myself, to which she attached a letter. In her letter, Ms. Prince stated: "With respect to your request for RAD contracts, as we've previously stated, the Consent Decree applies only to NYCHA-operated housing developments receiving Section 9 subsidies. Because RAD buildings receive Section 8 subsidies exclusively, these properties fall outside the scope of the Consent Decree."

13. During a meeting with the Special Master on November 23, 2020, Plaintiffs learned that a bundle of NYCHA developments in Manhattan were slated to transition to RAD and/or PACT management on November 30, 2020. NYCHA had not previously informed Plaintiffs of this pending transition, but confirmed the plans on November 25, 2020 after an inquiry from Plaintiffs.

14. Attached as **Exhibit E** is a true and correct copy of a letter dated December 8, 2020 from Independent Data Analyst Neil Steinkamp to the Special Master, which was also provided to outside counsel for both Plaintiffs and NYCHA. The letter contains a report summarizing data from the transition of the Manhattan bundle to RAD management.

15. Attached as **Exhibit F** is a true and correct copy of "FAQs on NYCHA's Blueprint for Change," which is posted on the official website of the City of New York.

16. Plaintiffs have received conflicting reports from NYCHA staff as to whether NYCHA is providing RAD developers with a list of the open mold and excessive moisture work orders that NYCHA administratively closes on the date of transition, which would make the developers aware of those open work orders when they take over day-to-day management of the buildings.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on December 21, 2020.

                                                         */s/ Erin M. Meyer*
                                                         Erin M. Meyer